IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. MICHAEL FIELDS

**Appeal from the Circuit Court for Montgomery County**
**Nos. 29489, 30252, 37147      John H. Gasaway, III, Judge**

---

**No. M2000-01657-CCA-R3-CD - Filed October 12, 2001**

---

In 1992, the defendant, Michael Fields, was convicted of two counts of sale of cocaine; the trial court imposed concurrent sentences of eight years in community corrections. In 1993, the defendant pled guilty to possession of cocaine with intent to sell; the trial court imposed an additional sentence of eight years in community corrections and ordered it to be served concurrently with the 1992 sentences. In February of 1997, the trial court revoked the community corrections sentences and ordered the defendant to serve the remainder of his sentences in the Department of Correction. In May of 1997, the defendant entered a plea of nolo contendere to possession with intent to sell less than one-half gram of cocaine; the trial court imposed a sentence of three years, consecutive to his prior sentences, for an effective sentence on all offenses of 11 years, and granted probation. On July 1, 1998, a probation violation warrant was filed in all three cases. The defendant was ordered to serve 30 days of periodic confinement for the violations. On August 1, 1999, another probation violation warrant, which was later amended, was served on the defendant. Ultimately, probation in all three cases was revoked. In this appeal of right, the defendant complains that he had completed his sentence and the trial court had no authority to revoke probation. In the alternative, the defendant argues that if the sentence had not been completed, he should have been returned to intensive probation. The judgments are affirmed.

### Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Thomas Meeks, Clarksville, Tennessee (at trial), Gregory D. Smith, Clarksville, Tennessee (on appeal), and Roger Nell, Public Defender (on appeal), for the appellant, Michael Fields.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; and Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the probation revocation hearing, Gary Hammer, a probation officer, testified that the defendant was released on probation by determinant release on February 17, 1998. The probation violation warrant and its amendment alleged that the defendant had violated the terms of his sentence by being arrested for simple possession of marijuana and for having failed to report, as required, for a period of approximately six months. The probation officer confirmed that the defendant did not report his new arrest, that the defendant had committed several curfew violations, and that he had changed addresses without providing any notification of his whereabouts.

While conceding that he had failed to report his arrest, the defendant testified that the charge of simple possession of marijuana had ultimately been dismissed. He acknowledged that during the pendency of the charge, he had failed to report to his probation officer for a period of six months. He admitted that he changed addresses without informing the officer, but claimed that he had noted the change on "[t]he weekly fill-out sheets." The defendant testified that he merited an alternative sentence because he was living with his mother, who needed his assistance due to her poor physical health, and because he planned to marry his girlfriend, who was pregnant with his child. The defendant claimed to be the sole source of income for both his mother and his girlfriend.

Marie Kelly, the defendant's girlfriend, testified that she was five months pregnant and unable to work because of surgery related to two prior miscarriages. Also charged with possession of marijuana with the defendant, she confirmed that both of the charges had been dismissed. Ms. Kelly stated that while the charges were pending, the defendant became fearful that he would be returned to the Department of Correction. She testified that the defendant no longer stayed out late and that he was gainfully employed, supporting both her and his mother.

At the conclusion of the hearing, the trial court first observed that the defendant had violated the terms of his probation in 1997 and had been sentenced to the Department of Correction. It determined that the defendant had been released under the Determinant Release Program and again had violated the terms of his probation by failing to report to his probation officer and by otherwise failing to comply with the "rules, regulations, terms and conditions" of his release. Because the trial court's May 10, 1999, probation violation orders did not specify a return to probation after the 30 days' confinement and because the final set of warrants was not filed until August 1, 1999, the defendant argues that the sentences should have been completed and that the trial court was without jurisdiction to consider the probation violation. In the alternative, the defendant argues that because he had stayed away from illegal drug use, was mannerly and cooperative, and had provided support to his mother and girlfriend, the trial court abused its discretion by failing to order a more intensive probation.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant

must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Relief can be granted only when the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001). The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). The same principles applicable to a probation revocation are relevant to the revocation of a community corrections sentence. Harkins, 811 S.W.2d at 83.

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103(1). The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he or she is entitled to be sentenced under the Act as a matter of law or right. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The following offenders are eligible for community corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
> (3) Persons who are convicted of nonviolent felony offenses;
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
> Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a) (Supp. 2000).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the

program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 2000).

Trial courts may exercise authority over a suspended sentence "at anytime within the maximum time which was directed and ordered by the court for such suspension." Tenn. Code Ann. § 40-35-310. The filing of a probation violation warrant, however, tolls the time within which the trial court may revoke probation. State v. Lewis, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995).

The record demonstrates that the defendant had repeatedly violated his community corrections and probationary sentences. In this instance, the defendant acknowledged that he had been placed under arrest without notifying his probation officer and conceded that he had failed to report as required by the terms of his release for a period of six months. Under these circumstances, the trial court did not abuse its discretion by concluding that the defendant had violated the terms of his release and by ordering the defendant to serve the remainder of his sentences in the Department of Correction.

Moreover, the defendant was initially sentenced on February 19, 1992. A probation violation warrant was filed on August 1, 1999, and, although not served until March 21, 2000, the filing was well within the term of the initial eight-year sentences and all proceedings took place within eight years of the 1993 convictions. Although, as the defendant correctly notes, the trial court's May 10, 1999, violation orders do not specify a return to probation following the required 30 days' confinement, they do not purport to revoke the defendant's probationary sentences. In our view, the trial court had authority to revoke the probation.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-