IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2014

**CRAIG L. BEENE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Dickson County**
**No. CR6611A     Robert Burch, Judge**

**No. M2014-00088-CCA-R3-ECN - Filed July 14, 2014**

Petitioner, Craig L. Beene, pleaded guilty to attempted first degree murder, especially aggravated kidnapping, and aggravated assault. *Craig Lamont Beene v. State*, No. M2005-01322-CCA-R3-PC, 2006 WL 680919, at *1 (Tenn. Crim. App. Mar. 17, 2006). Pursuant to the plea agreement, petitioner was sentenced to seventeen years in confinement. *Id.* Subsequently, he filed the instant petition for a writ of error coram nobis, claiming that affidavits and two pictures constitute newly discovered evidence. The coram nobis court denied the petition. Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Craig L. Beene, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; and Dan Mitchum Alsobrooks, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The factual basis for petitioner's guilty plea was as follows:

[The] Petitioner forced his former wife and their child into his car at a day care center in Dickson at the point of a gun. Petitioner then drove off with his former spouse and their child in the car. His former spouse dialed 911 on a cell phone that she had in her pocket and left it there so the police could determine what was occurring. Petitioner told the victim that she was going to die and

struck her at least twice. As petitioner stopped near the local radio station, the victim jumped from the car and ran into the radio station. Petitioner fired at her twice and pursued her inside the radio station, leaving the child unattended in the car. Inside the radio station, Petitioner continued to intimidate the victim and pointed the gun at the disc jockey. After talking to police, Petitioner released the victim. Petitioner was ultimately arrested.

*Id.* After entering his guilty pleas, petitioner unsuccessfully sought post-conviction relief. *Id.* In July 2007, petitioner sought habeas corpus relief, which the habeas corpus court and this court denied. *Craig L. Beene v. State*, No. W2007-01748-CCA-R3-HC, 2008 WL 539049, at *1 (Tenn. Crim. App. Feb. 27, 2008). In November 2009, petitioner again sought habeas corpus relief, which was denied. *Craig L. Beene v. State*, No. M2011-02666-CCA-R3-HC, 2013 WL 871321, at *1 (Tenn. Crim. App. Mar. 8, 2013). Petitioner then sought error coram nobis relief, which was denied. *Craig Beene v. State*, No. M2012-01578-CCA-R3-CO, 2013 WL 1635519, at *1 (Tenn. Crim. App. Apr. 16, 2013). In August 2013, petitioner filed another petition for habeas corpus relief, which was denied. *Craig Beene v. State*, No. M2013-02318-CCA-R3-HC, 2014 WL 1912366, at *1 (Tenn. Crim. App. May 13, 2014). Finally, petitioner filed the instant petition for writ of error coram nobis on September 12, 2013. The coram nobis court initially entered its order denying the petition on September 20, 2013; however, the court re-entered the order on January 2, 2014, stating that through no fault of petitioner, he did not receive a copy of the previous order in time to perfect an appeal. Petitioner filed a notice of appeal on January 8, 2014.

In this appeal, petitioner argues that he is entitled to coram nobis relief based on two photographs, one of the victim and one of an investigating officer, and affidavits stating that the victim was having an affair with that investigating officer. The State responds that the coram nobis court lacked jurisdiction to re-enter its order and that, accordingly, this appeal should be dismissed because petitioner failed to file a timely notice of appeal. Alternatively, the State argues that petitioner has failed to prove that he is entitled to coram nobis relief.

First, we will address the timeliness of petitioner's notice of appeal. A notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). It is well-settled law in Tennessee that "a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003) (citations omitted). "Any exercise of jurisdiction beyond that 30 days must be authorized by statute or rule." *State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995) (citations omitted). Therefore, the coram nobis court did not have jurisdiction to reenter its order on January 2, 2014, because its judgment became final thirty days after September 20, 2013, well before the January 2 order. There is also no statute or rule that allowed the lower court to re-enter its order after the judgment

became final. Therefore, petitioner's notice of appeal, which was filed on January 8, 2014, was untimely.

However, "in all criminal cases[,] the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "Waiver is not automatic, however, and pro se litigants are expected to comply with the time requirements of Rule 4(a)." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005) (citations omitted). "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id.* Because the trial court stated that petitioner was unable to perfect an appeal through no fault of his own, we will waive the thirty-day filing requirement in the interest of justice and address petitioner's appeal on the merits.

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)). The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Our legislature has limited the relief available through the writ:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b). In determining whether newly discovered evidence may have led to a different result, the trial court should decide "whether a reasonable basis exits for concluding that had the evidence been presented at trial, the result of the proceeding

might have been different." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007) (citation and internal quotation marks omitted).

Petitioner has failed to show that he is entitled to coram nobis relief. Petitioner characterizes two photographs and three affidavits as newly discovered evidence. However, two of the affidavits are from April 7, 2005, and the third is from September 2009. Therefore, petitioner had two of these affidavits during five prior collateral attacks, most notably during his prior post-conviction and error coram nobis cases. He also had the third affidavit during his prior error coram nobis case. "[A] coram nobis petition will not lie where a petitioner was previously aware of the alleged 'newly discovered evidence.'" *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012) (citing *Cormia v. State*, No. E2010-02290-CCA-R3-PC, 2011 WL 5027107, at *10 (Tenn. Crim. App. Oct. 21, 2011) (denying coram nobis relief where the petition was based, in part, on an issue that formed the basis of an earlier post-conviction claim); *Young Bok Song v. State*, No. M2010-02054-CCA-R3-CO, 2011 WL 2713738, at *3 (Tenn. Crim. App. July 13, 2011) (denying coram nobis relief where the petitioner was aware of the alleged new evidence at trial and raised the issue in the post-conviction court)). Therefore, pursuant to Tennessee Code Annotated section 40-26-105(b), petitioner is not entitled to relief based on the affidavits because he has not presented newly discovered evidence.

Furthermore, petitioner has presented the court with two photographs. One picture is of the victim, petitioner's ex-wife, taken from her Facebook page. The second photograph is allegedly a photograph from the victim's Facebook page of an investigating officer in petitioner's case. Petitioner argues that the photographs show that the victim's ex-wife and the investigating officer were having an affair when petitioner was arrested and prior to petitioner's entering his guilty plea. The trial court noted that:

> [T]he postings of the victim were in 2013, some nine years after [p]etitioner's trial. Any situation reflected therein would be extremely remote in time. Secondly, the picture of the investigating officer is obviously not from Victim's Facebook page. The Uniform Resource Locator (URL) shown at the bottom of Victim's Facebook page shows that it is from the "Facebook" website. The pages from Victim's Facebook page make no mention of the investigating officer. The page containing the investigating officer's picture is not from the Facebook page at all, but from the "AOL" website as shown by its URL.

We find nothing to show that the trial court abused its discretion in denying error coram nobis relief. Even if these photographs were newly discovered, they do not demonstrate that

the results of his proceeding might have been different. Therefore, the coram nobis court did not abuse its discretion by denying petitioner's petition for error coram nobis relief.

## CONCLUSION

Upon review of the record and the prevailing legal authorities, we affirm the judgment of the coram nobis court.

_____
ROGER A. PAGE, JUDGE