Submitted on briefs May 16; modified May 16; rehearing denied
June 6, 1933

## HESSE *v.* UNITED STATES FIDELITY & GUARANTY CO.

(21 P. (2d) 1090)

*Sheppard & Phillips* and *L. J. Balbach,* all of Portland, for appellant.

*Hesse & Franciscovich,* of Astoria, for respondent.

PER CURIAM. This action is based on an accident insurance policy. On June 6, 1931, the plaintiff fell from a ladder in the basement of his home and sustained a serious injury to the second lumbar vertebra. He was treated at his home for a few days and was then moved to a hospital at Astoria where he remained for one day. Upon the advice of his doctor he was then taken to the Emanuel hospital at Portland where he was confined for about ten days. While in the hospital at Portland he was placed in a plaster of Paris cast which extended from his armpits to his right knee. The plaintiff, after returning to his home near Astoria, was again taken to the Portland hospital for removal of the cast.

The defendant insurance company paid plaintiff for all expenses incurred while confined in a hospital, but refused to recompense him for the following expenditures:

| | |
|---|---:|
| Ambulance fare to Portland, June 16, 1931 | $ 37.50 |
| Ambulance fare to Astoria, June 24, 1931 | 37.50 |
| Cost of specially constructed bed for Astoria home | 82.69 |
| Help employed at home, June 25 to Sept. 16, 1931 | 142.10 |
| Taxi fare from home in Astoria to depot, Sept. 16, 1931 | 3.50 |
| Train fare, Portland and return, Sept. 16, 1931 | 6.20 |
| Specially constructed brace | 18.00 |
| Taxi fare, Astoria depot to home, Sept. 19, 1931 | 3.50 |
| | $330.99 |

It is the contention of the defendant that the above items of expense do not come within the following schedule of the policy:

"Schedule VIII. HOSPITAL EXPENSE.

"If 'such injury' to the Insured shall, within ninety days from the date of commencement of disability

therefrom necessitate his removal to a hospital, the Company, provided no claim is made under Schedule VII thereof, will pay, (in addition to the indemnity otherwise provided), for the period not exceeding Fifteen weeks during which the Insured shall be necessarily confined in the hospital, the amount expended by him weekly for hospital expenses, but not exceeding per week, the amount payable hereunder as a single Weekly Indemnity''.

■ Plaintiff asserts that the above provision of the policy is ambiguous and should be so construed in his favor as to bring the expenditures in question within its terms. We can see nothing ambiguous in the contract. It is, therefore, needless to resort to the various rules of construction.

Certainly the insurer had the right to limit its liability to hospital expenses incurred during the period plaintiff was ''necessarily confined in the hospital''. One of the factors in determining the premium on the policy was, no doubt, the natural desire of a person to get away from a hospital and go to his home. There is magic in the word ''home'' to a sick person. Will it be said that the insurance company in thus limiting its contractual obligations did not take cognizance of this natural inclination?

■■ It is beside the question that, had plaintiff remained continuously in the hospital at the rate of $35 per week, it would have cost the insurance company more than the amount involved. We can not make a new contract for the parties. The insurer is entitled to the full benefits of its contract.

■ Giving to the terms of the contract their ordinary meaning and acceptance, it can not reasonably be contended that expenses while not confined in a hospital

were within the contemplation of the parties. A private dwelling is not a hospital. When plaintiff left the hospital he could no longer recover "hospital expenses". While there is considerable equity in the claim of the plaintiff, the insurer has without doubt the right to insist on the terms of the "bond".

■ We think the item of $18 for a "specially constructed brace" is a legitimate charge which ought to have been paid by the company without the necessity of a lawsuit. This brace was ordered by Dr. Dillehunt while plaintiff was confined in a hospital in Portland.

The judgment of the lower court was for $330.99 and for an attorney fee of $200. It will be modified by awarding plaintiff a judgment for $18, together with an attorney fee of $50. Neither party will recover costs and disbursements.