STATE of Tennessee, Appellee,

v.

James Franklin LEWIS, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Sept. 14, 1995.

No Permission to Appeal Applied
for to the Supreme Court.

Phillip C. Lawrence, Poole, Lawrence, Thornbury, Stanley & Morgan, Chattanooga, for Appellant.

Charles W. Burson, Attorney General and Reporter, Sharon S. Selby, Assistant Attorney General, Criminal Justice Division, Nashville, H.C. Bright, Asst. District Attorney General, Chattanooga, for Appellee.

## OPINION

WADE, Judge.

The defendant, James F. Lewis, entered a guilty plea to assault, a Class A misdemeanor, on July 25, 1990. The trial court imposed a sentence of 11 months and 29 days, 90 days of which were to be served in the workhouse. All of the sentence was suspended, condi-tioned upon the defendant performing 20 days of community service and making resti-tution for "hospital bills as incurred by [the] victim." The judgment specified neither the amount nor the manner of payment of the restitution. Some ten weeks after the plea agreement, the state filed a petition to re-voke the suspended sentence because the defendant had completed only eight days of public work and had "failed to pay restitution as directed." Thereafter, the parties agreed to several continuances of the revocation pro-ceeding. On November 11, 1993, three years after the filing of the petition, the trial court heard evidence and interpreted the original judgment to require the defendant to pay not only the victim's "hospital bills" but also the medical expenses which, by then, all totalled $20,121.25. The trial court ordered the de-fendant to pay $2,100.00 of that amount with-in 30 days. The balance was ordered to be paid in the sum of $100.00 per month, with-out interest, beginning January 10, 1994, un-til the full amount was paid, or, as we calcu-late, for a period of over fifteen years.

In this appeal, the defendant has submit-ted five issues:

(1) whether the trial court had the authori-ty to require restitution as a condition of probation;

(2) whether the trial court had the authori-ty to require the defendant to pay "all medical bills" of the victim when the judg-ment approving the plea agreement speci-fied only "hospital bills";

(3) whether the trial court had the authori-ty to impose as a condition of the suspend-ed sentence acts by the defendant which he could not perform within the maximum period of probation;

(4) whether the trial court erred by per-mitting as evidence the unauthenticated medical records of the victim; and

(5) whether the trial court erred by con-cluding that all of the medical expenses claimed by the victim were incurred as a result of the assault.

In response, the state first argues that the appeal should be dismissed because the order of restitution entered November 11, 1993, was not a final judgment appealable as of right. We disagree on that point. The state

had previously filed a motion to dismiss on the same grounds; however, this court granted the defendant's request to supplement the record "containing the proper final judgment." By that time, the trial court, acknowledging that "the orders entered in the minutes," pursuant to the November 5, 1993, hearing, "may not have clearly embraced all of the action taken ... and may not have expressed the finality of the Court's decision ...," entered an "Order And Judgment" pursuant to the "agreement of the parties." That additional order provided in pertinent part as follows:

1. That the defendant had completed his 20 days of public service and paid costs.

2. That the defendant had failed to make restitution as contemplated by the prior order.

3. That the state's petition to revoke the suspension of the 90–day sentence of the defendant was denied.

4. That as a condition of the continuation of the suspension of the sentence, as originally ordered, the defendant should pay the victim, Kathey Slaten, the sum of $18,621.25: $2,100.00 on or before December 10, 1993, and the balance, without interest, at the rate of $100.00 per month commencing on the 10th day of January, 1994, and continuing on or before the 10th day of each successive month until the amount of $18,621.25 shall have been paid.

Tenn.R.App.P. Rule 24(e) sets out the procedure by which a "record may be corrected or modified to conform to the truth." That rule appears to have been utilized by all parties as the means of resolving any and all questions surrounding the finality of the order.

■ Here, the state had good cause to question whether the earlier order should have been deemed final for purposes of appeal. The issue, however, was properly raised by the state, the defendant responded with a motion to correct as provided by the rules, and the trial court settled the dispute by the entry of the corrective order dated June 3, 1994, which fully adjudicated the terms of the restitution. The applicable rule requires that the determination made by the trial court on a motion to correct the record

is conclusive "[a]bsent extraordinary circumstances." Tenn.R.App.P. 24(e). The state has alleged no extraordinary circumstances. Because this court has found none, we must address the merits of the issues raised by the defendant.

I

First, the defendant claims that the there is no specific legislative authorization for the trial court to impose an order of restitution for any medical or hospital expenses suffered by the victim as a result of the crime. We disagree.

The statute governing restitution provides in pertinent part as follows:

(a) A sentencing court *may direct a defendant to make restitution to the victim* of the offense *as a condition of probation.*

(b) Whenever the court believes that restitution may be proper ..., the court shall order the presentence service officer to include in the presentence report *documentation regarding the nature and amount of the victim's pecuniary loss.*

(c) The court shall specify at the time of the sentencing hearing *the amount and time of payment or other restitution to the victim....*

(d) In determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform.

(e) For the purposes of this section, *"pecuniary loss" means:*

(1) *All special damages, but not general damages, as substantiated by the evidence in the record* or as agreed to by the defendant; and

(2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense....

Tenn.Code Ann. § 40–35–304(a) through (e) (emphasis added).

The defendant entered a plea agreement whereby he actually consented to make restitution for "hospital bills" of the victim. More

importantly, our statutory scheme clearly provides for restitution to a victim for "pecuniary loss" as a condition of probation. Tenn.Code Ann. § 40–35–304(a) & (b). "Pecuniary loss" is statutorily defined as *"[a]ll special damages,* but not general damages, as substantiated by evidence in the record or *as agreed to* by the defendant." Tenn.Code Ann. § 40–35–304(e)(1) (emphasis added).

*Webster's New International Dictionary,* 664 (2d ed. 1957), defines damages as "estimated reparation in money for detriment or injury sustained; compensation or satisfaction imposed by law for a wrong or injury caused by a violation of a legal right." It defines "direct" or "general damages" as "those which are the necessary and immediate consequence of the wrong"; "indirect" or "special damages" are those which "are sometimes granted in respect of [the more remote] consequences [of the wrong]. *Id. Black's Law Dictionary,* 392 (6th ed. 1990), defines "special damages" as "those which are the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case...." *Black's* defines "pecuniary loss" as "a loss of money, or of something by which money or something of money value may be acquired." *Id.* at 1131.

▪ From these sources and others, we conclude that any hospital or medical expenses necessary for the treatment of a victim of an assault qualify as "special damages," falling within the definition of "pecuniary loss," and are, therefore, subject to an order of restitution as a condition of probation. That is consistent with our holdings in *State v. Jason C. Deyton, Jr.,* No. 234, 1989 WL 7327 (Tenn.Crim.App., at Knoxville, February 2, 1989), *perm. to appeal denied,* (Tenn.1989), and *State v. Theresa Vanderford,* No. 01C01–9101–CC–00004, 1991 WL 159907 (Tenn.Crim.App., at Nashville, August 22, 1991). In *Vanderford,* this court specifically held that out-of-pocket medical expenses of the victim qualified as "special damages."

## II

The judgment approving the plea agreement provided that the defendant pay "hospital bills as incurred by [the] victim." The defendant complains that the trial court had no authority to interpret the term to more broadly include all medical bills of the victim.

As it turned out, the medical treatment for the victim, who had been injured April 12, 1990, had not been completed at the time the state and the defendant entered the plea agreement on July 15, 1990. At the revocation hearing in 1993, the assistant district attorney general testified that he had prepared and signed the judgment approving the 1990 plea agreement. He could not "recall for sure" whether the intent of the agreement was to limit restitution to inpatient bills or to extend it to all medical expenses. Although there was nothing in the judgment to that effect, he speculated that a future hearing might have been contemplated as a means of determining the final medical costs. The assistant district attorney took the position, however, that the defendant should properly be responsible for all the medical bills rather than mere hospital expenses. From all of that, the trial court concluded that the term "hospital expenses" should not be given literal interpretation but should include any and all other medical expenses related to the injury to the victim.

We observe that the broad interpretation of the order is certainly understandable—and perhaps fully warranted by the misdeeds of the defendant. Obviously, the defendant should be held responsible for any and all medical expenses caused by the assault, whether by civil action or an order of restitution in the remand case. There are, however, several reasons this court must limit the interpretation of the term "hospital bills" in a more literal sense.

▪ Typically, words and phrases must be given their plain and ordinary meaning. *See State v. Holtcamp,* 614 S.W.2d 389 (Tenn.Crim.App.1980). Their meaning must be gleaned from what is said, not what was intended. *Cf., Clark v. Clark,* 601 S.W.2d 614 (Ky.Ct.App.1980). Rules of construction apply only when there is an ambiguity in the term. Here there is none. N. Singer, *Stat-*

*utes and Statutory Construction*, § 46.04, p. 98 (5th ed. 1992). Moreover, hospital bills or expenses have been generally determined as only those incurred during a necessary hospital confinement. *E.g., Hesse v. United States Fidelity and Guaranty Co.*, 143 Or. 700, 21 P.2d 1090 (1933). Finally, had the terms used in the order been ambiguous, they would have likely been subjected to a rule of strict construction in the criminal case—limiting rather than expanding the meaning of the words. The order of the trial court must, therefore, be modified to its original form. That is, the defendant must pay "hospital bills" as a continuing condition of probation.

■ The victim testified that her actual hospital expenses amounted to $1,582.97. The record indicates the defendant had paid $1,500.00. Even though the trial court chose not to revoke probation at the time of the revocation proceeding for the failure to pay the full amount, it had the authority to do so if there was a corresponding determination that the defendant had the ability to pay. The obligation remains as a proper condition of probation.

### III

Next, the defendant complains that the trial court cannot order the payment of restitution beyond the 11 month, 29 day sentence. We must agree.

■ A judgment of sentence becomes final 30 days after entry. *See* Tenn.Code Ann. §§ 40–35–401(a) and –402(a); Tenn. R.App.P. 3(b) and 4(a). Any exercise of jurisdiction beyond that 30 days must be authorized by statute or rule. *See, e.g.,* Tenn. R.Crim.P. 35; Tenn.Code Ann. §§ 40–35–212(c) and (d), –306 through –316, and –319. In *State v. Moore*, 814 S.W.2d 381, 383 (Tenn.Crim.App.1991), this court held as follows:

[Tenn.Code Ann.] § 40–35–304 provides that restitution, as a condition of probation, *shall be specified at the time of the sentencing hearing* which, likewise, is the time at which probation, if at all, shall be granted.

(Emphasis added); *see* Tenn.Code Ann. § 40–35–303(b). Thus, if a trial court orders probation and through oversight or otherwise, omits restitution as a condition, its authority to modify the conditions to include restitution ends upon the order becoming final.

■ "However, if a trial court ... ordered restitution as a condition of probation, but the judgment or probation order failed to reflect such a condition, then the trial court maintains the power to modify such judgment or order because of an 'oversight or omission' subject to correction by the trial court pursuant to Tenn.R.Crim.P. 36." *Moore*, 814 S.W.2d at 383.

■ We also note that Tenn.Code Ann. § 40–35–304(b) provides for the amount of pecuniary loss to be documented by the presentence report. That was not done here. Because there was, however, a subsequent hearing from which the amount of the "hospital bills" could be determined, "any technical lack of compliance ... did not harm the defendant." *Moore*, 814 S.W.2d at 384.

■ The trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension." Tenn.Code Ann. § 40–35–310. If a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled. *See McGuire v. State*, 200 Tenn. 315, 292 S.W.2d 190 (1956); *State v. Carden*, 653 S.W.2d 753 (Tenn.Crim.App.1983). The statute, however, while authorizing restitution payments by installments, prohibits trial courts from establishing a payment schedule "extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense." Tenn.Code Ann. § 40–35–304(c). That comports with the general rule throughout the United States. See 3 LaFave Israel, *Criminal Procedure* § 25.3(c), p. 145 (1984). Assault, a Class A misdemeanor, has a maximum sentence of 11 months and 29 days. Tenn.Code Ann. § 40–35–111(e)(1). Thus the payment of installments of restitution must not exceed 11 months and 29 days. Had the trial court here been authorized to order payment of

medical expenses beyond "hospital bills," it could not have ordered installments over a fifteen-year period.

▇▇▇ As an aside, we acknowledge that restitution based upon a civil judgment is prohibited because personal injury judgments often include general damages which are specifically excluded by the statute. *State v. Irick,* 861 S.W.2d 375, 376–77 (Tenn. Crim.App.1993). Moreover, "a lengthy term, imposed for the purpose of 'restitution,'" and clearly intended to aid the collection of a future judgment is not permissible. In *Irick,* this court ruled that an excessive period of probation as a means to help collect civil damages qualifies as an abuse of discretion. *Id.* at 377.

▇▇▇ That is not necessarily the case here. The record does indicate, however, that the victim has sued the defendant for money damages in a separate action. Disposing of civil liability is not the function of the criminal process. The civil process is far better suited for that. Restitution in the criminal justice system is warranted only when it serves rehabilitation and deterrent purposes. *See State v. Jason C. Deyton, Jr.,* slip op. at 4; *see also State v. Dillon,* 292 Or. 172, 637 P.2d 602 (1981).

From all of this, we must hold that the order of restitution may continue for a period not to exceed eleven months and twenty-nine days beyond the order upon the revocation proceeding becoming final. The balance of the "hospital bills" must be timely paid. Any hospital bills incurred beyond the completion of probation must be dealt with in the civil action.

## IV

Next, the defendant asserts that the trial court erred by allowing unauthenticated medical records to be placed into evidence. Here, the victim testified to the treatment she received and the medical expenses she incurred. A summary of those expenses was admitted. Testimony indicated that unreimbursed hospital expenses were $1,582.97. The defendant had paid all but $82.97 of that total.

▇▇▇ Reliable hearsay has been held admissible in a probation revocation hearing so long as the defendant had a fair opportunity to rebut the evidence. *See State v. Carney,* 752 S.W.2d 513 (Tenn.Crim.App. 1988). The record establishes that the defendant had been given access to "any and all medical records, reports, memoranda, bills and other information regarding the care and treatment [of the victim]." Strict rules of evidence do not apply at revocation hearings. *Practy v. State,* 525 S.W.2d 677, 680 (Tenn. Crim.App.1974); *Barker v. State,* 483 S.W.2d 586 (Tenn.Crim.App.1972). The trial court found the evidence reliable. We are bound by that conclusion unless the record indicates otherwise. It does not.

## V

▇▇▇ The defendant's final contention is that the trial court erred in determining that the entire amount of restitution ordered was attributable to the injuries suffered by the victim as a result of assault. Typically, the findings of fact made by the trial judge are to be given the weight of a jury verdict. *Graves v. State,* 512 S.W.2d 603 (Tenn.Crim. App.1973). Those findings are binding on this court unless the evidence preponderates otherwise. *State v. O'Guinn,* 709 S.W.2d 561 (Tenn.1986), *cert. denied,* 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).

Let us first say that a probation revocation proceeding is not the ideal way in which to resolve this kind of dispute. That perhaps explains why counsel for each side dealt summarily with this particular issue. We have nonetheless given a thorough review of the information available.

▇▇▇ The testimony by the victim went largely unrebutted. She testified that the defendant "half pushed me and half threw me up in the air" and that she had come down onto concrete "on my hands and the side of my head." The victim testified that when her hands were still swollen some three weeks later, she returned to the hospital for further treatment. Since that time, the victim had undergone five hand operations, four on her left hand and one on her right hand. The victim testified that she had had no problems with her wrists before the assault

and had had "continuous problems" thereafter.

Upon cross-examination, the victim assessed her unreimbursed hospital expenses at $1,582.97. She agreed that the defendant had paid $1,500.00, leaving a balance of $82.97, the actual hospital expenses unpaid. Counsel for the defendant expressed a theory that the medical problems of the victim were the result of carpal tunnel syndrome. Counsel expressed frustration that the state had filed a petition to revoke probation so soon after the plea agreement when the defendant had actually paid some of the hospital expenses, performed portions of the community service, and satisfied court costs. And, while some of the medical records suggested that portions of the medical expenses of the victim may have been related to her work, the defendant offered no other evidence to overcome the proof offered by the state. Thus, the evidence does not preponderate against the finding by the trial court that the hospital expenses resulted from the assault, even though the victim's type of employment may have been an aggravating factor.

In summary, we affirm in part, reverse in part, and modify the judgment on the revocation proceeding. Restitution was properly ordered as a condition of probation. The defendant must pay all "hospital bills" now in arrears as well as those accrued during the remainder of the sentence as a condition of probation, so long as the assault was the proximate cause of the expense and the defendant has the ability to pay as defined by Tenn.Code Ann. § 40–35–304.

PEAY and HAYES, JJ., concur.