IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION

FILED

February 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9704-CC-00135 |
| Appellee, | ) | |
| | ) | McNAIRY COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY |
| GABRIEL BLACKMAN, | ) | BLACKWOOD, JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing - Restitution) |

FOR THE APPELLANT:

GARY F. ANTRICAN
District Public Defender

JEANNIE A. KAESS
(At Hearing)
Assistant Public Defender
17805 Highway 64
P.O. Box 700
Somerville, TN 38068-0700

C. MICHAEL ROBBINS
(On Appeal)
3074 East Street
Memphis, TN 38128

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General

ED NEAL McDANIEL
Assistant District Attorney General
300 Industrial Park Drive
P.O. Box 473
Selmer, TN 38375-0473

OPINION FILED: _____

REMANDED

JOE G. RILEY,
JUDGE

**OPINION**

The defendant, Gabriel Blackman, pled guilty in the McNairy County Circuit Court to one (1) count of aggravated burglary and one (1) count of burglary. The trial court imposed concurrent sentences of three (3) years and two (2) years, respectively. The trial court suspended the sentences, except for thirty (30) days, and ordered the remainder of the sentence to be served on probation. As a condition of probation, the trial court ordered that defendant pay $6,000 in restitution to the victims. On appeal, defendant challenges only the trial court's imposition of restitution. After a review of the record before us, we remand to the trial court for further proceedings consistent with this opinion.

**I**

The defendant, Michael A. Carroll and Clay Kiser Henry were indicted on one (1) count of aggravated burglary and one (1) count of burglary. The offenses, while occurring on the same day, involved two separate victims. Each defendant pled guilty to the charged offenses and received concurrent sentences of three (3) years and two (2) years, with all but 30 days suspended. The trial court also required each to pay $6,000 in restitution as a condition of probation. Carroll and Henry were sentenced approximately four days prior to defendant.

At defendant's sentencing hearing, the state's proof consisted of the assistant district attorney's request that the presentence report and the statement of facts presented at the guilty plea be made part of the record.[1] The only testimony at the hearing was that of the defendant, who agreed to pay restitution for property damage caused by the aggravated burglary.

The record contains victim impact statements and a list of items and total loss sustained by one victim. J.R. Tull, the victim of the burglary, requested total

---

[1] No "statement of facts" was attached to the transcript as an exhibit. However, defendant's presentence report is part of the record on appeal.

restitution in the amount of $4,500. Tull did not submit any documentation for this loss and asked that $4,000 of the total amount be paid for "mental distress." Donald Nelson, the aggravated burglary victim, supplied an itemized list of his loss, which amounted to $6,083.72.[2]

At the conclusion of the hearing, the trial court imposed the sentences and added, "[r]estitution will be in the amount of $6,000." No findings of fact or allocation to the victims were made by the trial court regarding restitution.

## II

Defendant contends that there is no basis in the record to support the trial court's imposition of restitution. He argues that the state failed to present any evidence of the victims' pecuniary loss. Therefore, he maintains that the trial court erroneously ordered the payment of restitution.

A trial court may order a defendant to pay restitution as a condition of probation. Tenn. Code Ann. § 40-35-304(a). The amount of restitution is based upon the victim's pecuniary loss. Tenn. Code Ann. § 40-35-304(b). The term "pecuniary loss" is defined as:

> (1) All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant; and
>
> (2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense . . .

Tenn. Code Ann. § 40-35-304(e). In determining the amount of restitution, the trial court should consider the financial resources of the defendant and future ability to pay. Tenn. Code Ann. § 40-35-304(d); State v. Smith, 898 S.W.2d 742, 747 (Tenn.

Crim. App. 1994). Furthermore, the sum imposed should be reasonable. Smith, 898 S.W.2d at 747.

---

[2] It appears that this loss was covered by insurance. The itemized list indicates a deductible of $250, reducing the loss to $5,833.72. We assume an insurance company paid the victim $5,833.72 for this loss after reducing the total loss of $6,083.72 by the $250 deductible.

## III

This case must be remanded to the trial court for a hearing on the issue of restitution. The record contains insufficient evidence to support the trial court's decision.[3] Although the trial court probably did not consider "mental distress" in setting restitution, mental distress is not a compensable pecuniary loss as contemplated by the statute. *See generally* State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App. 1995).

Furthermore, this cause involves two victims and possibly an insurance company. The trial court should allocate the amount among the interested parties.[4]

Moreover, the written judgments of conviction provide for $6,000 restitution on both counts. This implies that defendant is responsible for $12,000 in restitution, or $6,000 for each victim.

On remand, the trial court must resolve several issues, including:

1. The actual loss sustained by each victim, as substantiated by appropriate documentation or testimony adduced at the hearing;

2. The defendant's ability to pay such restitution;

3. The manner and time frame in which defendant will be required to make payments; and

4. The allocation of restitution among the victims and/or insurance company.

## IV

---

[3] *See* Tenn. Code Ann. § 40-35-304(b) ("[w]henever the court believes that restitution may be proper . . . the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss.).

[4] Effective July 1, 1996, Tenn. Code Ann. § 40-35-304 was amended to include the following:

If the court sentences a defendant to payment of restitution and believes that payment to more than one (1) victim is proper, the court shall determine the pecuniary loss of each victim as provided in this section and shall order such amount of restitution to each such victim

Tenn. Code Ann. § 40-35-304(g)(3).

4

For the foregoing reasons, we remand to the trial court for findings on the issue of restitution as required by Tenn. Code Ann. § 40-35-304.  Upon remand, the trial court shall receive such further testimony as the parties might wish to offer.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**

5