IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2014

**STATE OF TENNESSEE v. DWIGHT JAMES**

**Appeal from the Circuit Court for Hickman County**
**Nos. 125030CR & 8913034F      Timothy L. Easter, Judge**

**No. M2013-02030-CCA-R3-CD - Filed July 15, 2014**

After a jury trial, appellant, Dwight James, was convicted of failing to register as a sex offender. The trial court sentenced appellant to two years in confinement, suspended to probation after 150 days of incarceration. On appeal, appellant argues that the trial court erred by denying his motion to vacate his prior guilty plea to two counts of sexual battery in 1989 and that the requirement that he register as a sex offender violates the *Ex Post Facto* Clause and his procedural due process rights. Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Kenneth K. Crites, Centerville, Tennessee, for the appellant, Dwight James.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kate Yeager, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts

On February 7, 1989, a Hickman County Grand Jury indicted appellant for five counts of aggravated sexual battery. Appellant pleaded guilty to two counts of sexual battery. Pursuant to the plea agreement, appellant was sentenced to serve fifty-two consecutive weekends in confinement and ten years on probation.

On February 13, 2012, the Hickman County Sheriff's Office sent a letter via certified mail to appellant notifying him that because of his sexual battery convictions, he was required to register as a convicted sex offender. However, appellant did not comply, and on April 4, 2012, appellant was indicted for failing to register as a sex offender. On March 13, 2013, appellant filed a motion to vacate his 1989 plea agreement. The trial court held a hearing on March 19, 2013. At the hearing, appellant testified that when he accepted the plea agreement, he was not aware that he would have to register as a sex offender and that he would not have pleaded guilty had he known he was required to do so. Appellant asserted that he had fulfilled all the requirements of his previous sentence and should not be required to register as a sex offender. The trial court denied his motion to vacate. The trial court granted the State's motion in limine, which prohibited appellant from arguing the constitutionality of Tennessee Code Annotated section 40-39-203, because appellant had failed to notify the Attorney General of a constitutional challenge.

A jury convicted appellant of violating the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004. On June 26, 2013, the trial court sentenced appellant to two years in confinement, suspended to probation after 150 days of incarceration, and ordered appellant to abide by the sex offender rules of probation and sex offender registry rules and regulations. The trial court consolidated the case involving appellant's motion vacate his guilty plea to two counts of sexual battery with the case regarding his failure to register as a sex offender for purposes of appeal, and appellant filed a notice of appeal on July 10, 2013.

## II. Analysis

Appellant argues that the trial court erred by not allowing him to withdraw his guilty plea because he was not advised that he had to register as a sex offender when he accepted the guilty plea and because sex offender registration would have been a material consideration when determining whether to enter the guilty plea. Appellant also argues that he did not receive proper notice that he was required to register as a sex offender because the requirement was not in his original judgment; therefore, the later requirement violated the *Ex Post Facto* Clause and his procedural due process rights.

### A. Motion to Vacate Guilty Plea

Appellant argues that the trial court erred in denying his motion to vacate his guilty plea. The State responds that because appellant filed an untimely motion to vacate, the trial court did not have jurisdiction to withdraw his guilty plea.

"[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). "Any exercise of jurisdiction beyond that 30 days must be authorized by statute or rule." *State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995) (citations omitted). Tennessee Rule of Criminal Procedure 32(f) provides for the circumstances under which a guilty plea may be withdrawn, stating:

> (1) *Before Sentence Imposed*. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

> (2) *After Sentence But Before Judgment Final*. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Appellant pleaded guilty on February 24, 1989, and the trial court entered its judgment on the same date. Appellant did not file the current motion to vacate his guilty plea until March 13, 2013, twenty-four years later. Therefore, appellant's motion was untimely pursuant to Rule 32(f).

Moreover, there was no appropriate legal basis on which the court could rely to excuse appellant's untimeliness, and there was no basis to grant the motion. The trial court properly relied on *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), when it denied appellant's motion. In *Ward*, our supreme court stated:

> We agree with the majority of states that the registration requirements imposed by the sex offender registration act are nonpunitive and that they are therefore a collateral consequence of a guilty plea. In summary, while the registration requirement is undoubtedly a definite, immediate, and largely automatic consequence of a conviction of a sexual offense or violent sexual offense, it does not have an effect on the length, manner, or service of the defendant's punishment. Consequently, the trial court's failure to advise [the defendant] of the sex offender registration requirement does not render [the defendant's] guilty plea constitutionally invalid.

315 S.W.3d at 472. Therefore, although the sex offender registry came into effect after appellant had entered his guilty plea and, thus, neither trial counsel nor the trial court informed him of this requirement, appellant's guilty plea is still constitutionally valid. Accordingly, appellant has failed to prove an adequate legal basis for his untimeliness, and the trial court properly denied appellant's motion to vacate his guilty plea.

## B. Constitutional Challenge

Appellant also argues that he did not receive proper notice that he was required to register as a sex offender because the requirement was not in his original judgment; therefore, the later requirement violated the *Ex Post Facto* Clause and procedural due process. The trial court granted the State's motion in limine requesting that appellant be prevented from arguing the constitutionality of Tennessee Code Annotated section 40-39-203. The court stated, "You can't argue the constitutionality of the statute without notifying the State Attorney General, which has not been done." Appellant then conceded that he had not notified the Attorney General of a constitutional challenge. Tennessee Code Annotated section 29-14-107(b) states that if a statute "is of statewide effect and is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard."

However, even though the language of the statute is mandatory, appellant asserts that this court should overlook his failure to notify the Attorney General because "[i]t occurred to counsel during the trial of this matter that the problem was that [appellant] had no notice or opportunity to challenge the act[']s application to [appellant]" and because appellant should "have been notified of a hearing in an adequate and timely manner informing him he would be granted a hearing to determine whether he should be subjected to the [act's] requirements and more importantly its criminal penalties to which he could be subjected." We find appellant's arguments unavailing. The Hickman County Sheriff's Office sent appellant a letter notifying him that he was required to register as a convicted sex offender due to his sexual battery convictions. Appellant was not indicted for failing to register until April 4, 2012, and he was not convicted until March 21, 2013. Appellant had sufficient time to notify the Attorney General of a constitutional challenge and properly present it to the court, yet he failed to do so.

Furthermore, in *Ward*, our supreme court stated that the sex offender registry requirement was a collateral consequence of a guilty plea, and thus, a trial court is not required to advise a defendant of the requirement because it is a remedial and regulatory measure and is not punitive in nature.[1] *Ward*, 315 S.W.3d at 472. Appellant was, thus, not subjected to additional criminal penalties without a hearing because the registry requirement is nonpunitive. The statutory language in section 40-39-203 evinces a clear intent that the registration requirements be applied retroactively to any sexual offender. *See* Tenn. Code

---

[1] However, it is a better practice for trial courts to advise defendants of the registry requirement prior to their entering a guilty plea to an offense that requires sex offender registration. *Ward*, 315 S.W.3d at 472.

-4-

Ann. § 40-39-203(a)(2), (j)(1), (j)(2).[2] Appellant failed to properly mount a constitutional challenge to section 40-39-203, and we refuse to excuse this failure. Appellant has waived his constitutional challenge.

## CONCLUSION

Based upon our review of the record, the arguments of the parties, and the applicable law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE

---

[2] We also note that the United States Supreme Court has upheld similar statutory schemes for sex offender registration in Alaska and Connecticut against *ex post facto* and procedural due process challenges. *See Smith v. Doe*, 538 U.S. 84 (2003); *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003).