
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2017

## STATE OF TENNESSEE v. PAULA JEAN LACOMMARE

**Appeal from the Criminal Court for Putnam County**
No. 13-0040B        David A. Patterson, Judge
_____

### No. M2016-01794-CCA-R3-CD
_____

The Defendant, Paula Jean Lacommare, pled guilty to initiation of the manufacturing process of methamphetamine and was sentenced to eight years on probation. A violation of probation warrant was issued against the Defendant for testing positive for methamphetamine. Following a hearing, the trial court revoked the Defendant's probation and ordered her to serve her sentence in prison. The Defendant appeals. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Craig P. Fickling, District Public Defender, and Benjamin D. Marsee, Assistant District Public Defender, for the appellant, Paula Jean Lacommare.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Victor Gernt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The Defendant was charged with the initiation of the process of manufacturing methamphetamine and simple possession of a Schedule II controlled substance. Pursuant to a guilty plea, the Defendant was convicted of initiation of the process of manufacturing methamphetamine and was sentenced to eight years in confinement to be served

concurrently with a two-year sentence in a separate matter. The trial court later suspended the Defendant's sentence and ordered her to serve her sentence on probation. Subsequently, the Defendant's probation officer filed a violation of probation report, alleging that the Defendant failed a drug screen by testing positive for methamphetamine.

At the revocation of probation hearing, Ms. Nicole Brown, a probation officer with the Tennessee Department of Probation and Parole, testified as to the details of the Defendant's time on probation. She testified that while on probation, the Defendant tested positive for methamphetamine during a drug screen. After receiving the Defendant's positive drug screen results, Ms. Brown filed a violation of probation warrant. Ms. Brown stated that the Defendant wrote her a letter admitting her use of methamphetamine. The laboratory results indicating a positive test result for methamphetamine were admitted without objection at the hearing.

Mr. Tim McLauchlin, the Executive Director of Teen Challenge of Upper Cumberland, testified that the Defendant was a participant in his program during part of her time on probation. He stated that Teen Challenge is a program that helps people with substance abuse issues. He testified that the Defendant "excelled in the program" and did not fail any drug screens while enrolled in the program. He also testified that he spoke with the Defendant and agreed to welcome her back to the program for at least two years, if her probation was not revoked.

The Defendant did not dispute that she tested positive for methamphetamine during the instant drug screen. She did not dispute that she was in violation of probation. She stated that she wished to return to the Teen Challenge of the Upper Cumberland program and requested that her probation be reinstated. On cross-examination, the Defendant testified that she had been involved with Teen Challenge for seventeen years. She conceded that despite her involvement, she continued to use drugs during that time and used drugs while on probation.

Following the proof put on by the State and the Defendant, the State argued that the Defendant should be ordered to serve her sentence in confinement. The Defendant argued that because this was her first violation, she should be afforded an opportunity to attend the Teen Challenge program in lieu of incarceration. Following arguments, the trial court found, by a preponderance of the evidence, that the Defendant had violated her probation by using methamphetamine. The trial court also found that continued involvement with Teen Challenge would not be beneficial to the Defendant. At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered her to serve her sentence in confinement.

## ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion when revoking her probation because it should have considered the length of the sentence and the Defendant's "record of success while active with Teen Challenge." The State contends that the trial court had substantial evidence to revoke the Defendant's probation. We agree with the State.

A trial court may revoke a sentence of probation if it determines by a preponderance of the evidence that the conditions of probation have been violated. T.C.A. § 40-35-311(e). Upon revocation, the trial court may either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." *Id.* The trial court's decision to revoke the defendant's probation is reviewed for abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Abuse of discretion is found when the appellate court determines that the trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). Reversal of a revocation is only warranted if "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82. Proof of the violation is adequate when it provides the basis for a "conscientious and intelligent" judgment. *Id.* The trial court's findings of fact and determinations regarding the credibility of witnesses carry the weight of a jury verdict. *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). Accordingly, the trial court's findings are binding on the appellate court unless the evidence preponderates otherwise. *State v. Lewis*, 917 S.W.2d 251, 257 (Tenn. Crim. App. 1995).

Here, the Defendant tested positive for methamphetamine while on probation. The Defendant does not challenge the finding that she violated the terms of her probation by using methamphetamine. Rather, she contends that the trial court erred in declining to reinstate her probation and afford her another opportunity to attend Teen Challenge and in ordering her to serve her sentence in confinement instead. The trial court found that because the Defendant tested positive for methamphetamine, she had violated her probation. There is nothing in the record to preponderate against the trial court's finding that the Defendant tested positive for methamphetamine and, thus, had violated her probation. *See Lewis*, 917 S.W.2d at 271. We hold that because the trial court had substantial evidence to support its conclusion that the Defendant violated her probation, the trial court properly exercised its discretion by revoking the Defendant's probation and ordering the Defendant to serve her sentence in confinement. *See* T.C.A. § 40-35-311(e).

Accordingly, reversal of the trial court's revocation is unwarranted. *Phelps*, 329 S.W.3d at 443.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE