
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 21, 2017 Session

## STATE OF TENNESSEE v. DESMOND EUGENE DAVIS

**Appeal from the Criminal Court for Hamilton County**
**No. 275410   Barry A. Steelman, Judge**

_____

### No. E2016-01608-CCA-R3-CD

_____

The Defendant, Desmond Eugene Davis, pled guilty to aggravated assault and was sentenced to eight years on probation.  A violation of probation warrant was issued against the Defendant.  Following a hearing, the trial court revoked the Defendant's probation and ordered him to serve his sentence in prison.  The Defendant appeals.  After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellant, Desmond Eugene Davis.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Neal Pinkston, District Attorney General; and Kevin Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

A Hamilton County grand jury indicted the Defendant on attempted first degree murder and employment of a firearm during a dangerous felony.  On October 11, 2010, pursuant to a guilty plea, the Defendant was convicted of aggravated assault and sentenced to eight years on probation, which the trial court ordered to be served consecutively to another conviction.  On April 28, 2015, the Defendant's probation

officer filed a violation of probation report, alleging that the Defendant was arrested on two new counts of aggravated assault in 2014, failed to report the new arrests, possessed a firearm, and exhibited threatening behavior towards others. Following a hearing, the trial court partially revoked the Defendant's probation, finding that the Defendant violated his probation and ordering him to serve six months in incarceration and the remainder of the sentence on probation.

On February 1, 2016, after the Defendant's partial revocation of probation and release from incarceration, the Defendant was arrested for unlawful possession of a weapon, driving on a revoked license, and theft. Subsequently, the Defendant's probation officer filed a second violation of probation warrant, alleging that the Defendant had new arrests from February 1, 2016, did not report the new arrests, possessed a firearm, failed to consent to a vehicle search by police, and failed to pay his fees for probation. On May 16, 2016, he pled guilty to unlawful possession of a firearm and theft from the arrests of February 1, 2016, and was sentenced to eleven months and twenty-nine days for each of the convictions.

On July 18, 2016, at the revocation of probation hearing, Christina Barnes, a probation and parole officer with the Tennessee Department of Correction, testified as to the details of the Defendant's time on probation. She testified that while on probation, the Defendant was "generally" employed and reported to his probation officer. The trial court asked Officer Barnes whether she was aware of two arrests from 2014 as described in the first violation of probation report. Although Officer Barnes was not able to provide further information regarding the 2014 arrests, the State explained to the trial court that the associated charges from 2014 were dismissed upon the Defendant's partial revocation of probation in 2015. According to the violation of probation report, on two separate occasions in 2014, the Defendant unlawfully possessed a firearm and acted in an abusive, assaultive, threatening, or intimidating manner toward two different victims.

Ms. Carla Howard, the Defendant's mother, testified on the Defendant's behalf. She testified that the Defendant had one child and that he provided for his child, his girlfriend, and his girlfriend's child. She said that the Defendant maintained employment during his probation. She stated that he assisted her and that family was important to the Defendant. The Defendant introduced several exhibits of photographs of his family, noting that the goal of introducing the exhibits was to give the trial court an idea of the Defendant's life. Ms. Howard testified that the Defendant earned his GED and played recreational football while in school.

Following arguments, the trial court summarized the Defendant's procedural history. The trial court mentioned the Defendant's 2014 dismissed charges and 2015 partial revocation, noting that it would not "go into what was alleged there because he

didn't plead guilty to that and the cases were dismissed, but they were violent acts that were alleged." The trial court expressed concern over the facts underlying the Defendant's 2014 arrests but stated that the court was unsure whether the Defendant committed those acts because the charges were dismissed. After reviewing the underlying facts of the 2016 unlawful possession of a firearm and theft convictions, the trial court found, by a preponderance of the evidence, that the Defendant's 2016 possession of a firearm for which he pled guilty was a violation of his probation. The trial court noted sympathy for Ms. Howard's testimony. The trial court also noted the facts underlying the Defendant's 2010 guilty plea, reading from a police report that described the Defendant burglarizing the victim's home and firing two gunshots at the victim. The trial court pointed to the violent nature of the underlying offense and the need to protect society. At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve his sentence in incarceration.

## ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion when revoking his probation by relying on improper grounds. The State contends that the trial court did not rely on improper grounds and had substantial evidence to revoke the Defendant's probation. We agree with the State.

A trial court may revoke a sentence of probation if it determines by a preponderance of the evidence that the conditions of probation have been violated. T.C.A. § 40-35-311(e). The trial court's decision to revoke the defendant's probation is reviewed for abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Abuse of discretion is found when the appellate court determines that the trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). Reversal of a revocation is only warranted if "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82. Proof of the violation is adequate when it provides the basis for a "conscientious and intelligent" judgment. *Id.* The trial court's findings of fact and determinations regarding the credibility of witnesses carry the weight of a jury verdict. *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). Accordingly, the trial court's findings are binding on the appellate court unless the evidence preponderates otherwise. *State v. Lewis*, 917 S.W.2d 251, 257 (Tenn. Crim. App. 1995).

The Defendant contends that the trial court abused its discretion by (1) considering the Defendant's 2014 arrests; (2) considering the State's explanation of the disposition of

- 3 -

the dismissed 2014 arrests at the revocation hearing as evidence; (3) depriving the Defendant of procedural due process by asking Officer Barnes about the 2014 arrests; and (4) re-litigating the Defendant's 2015 revocation of probation. During the violation of probation hearing, the trial court noted the Defendant's 2014 arrests and 2015 partial revocation of probation but stated that it would not consider the arrests because they were dismissed. The trial court also noted the underlying facts of the Defendant's 2016 guilty plea convictions for theft and unlawful possession of a firearm. The trial court found that because the Defendant was in possession of a firearm, he had violated his probation. We note that the trial court only relied on the weapons possession in revoking the Defendant's probation. There is nothing in the record to preponderate against the trial court's finding that the Defendant was in possession of a firearm and, thus, had violated his probation. *See Lewis*, 917 S.W.2d at 271. The Defendant pled guilty to this charge. We hold that because the trial court had substantial evidence to support its conclusion, reversal of its revocation is unwarranted. *Phelps*, 329 S.W.3d at 443.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of trial court.


_____
JOHN EVERETT WILLIAMS, JUDGE

- 4 -