IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 4, 2025

**STATE OF TENNESSEE v. TERRENCE SANDERS**

**Appeal from the Criminal Court for Shelby County**
**No. 24 01469    Carolyn W. Blackett, Judge**

_____

**No. W2025-00738-CCA-R3-CD**

_____

The Defendant, Terrence Sanders, appeals the revocation of his probation and reinstatement of his original sentence in confinement, arguing that there was insufficient proof that his new arrest for domestic assault constituted a non-technical violation of his probation and that the trial court erred by failing to make appropriate findings in support of its decisions. We agree that the trial court failed to make adequate findings in support of its decisions to revoke the Defendant's probation and order execution of the original judgment. Accordingly, we reverse the judgment of the trial court and remand for the trial court to make additional findings, in accordance with *State v. Dagnan*, 641 S.W.3d 751, 753 (Tenn. 2022), regarding whether the State proved a non-technical violation of probation by a preponderance of the evidence and, if so, the appropriate consequence to be imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and STEVEN W. SWORD, JJ., joined.

Tony N. Brayton, Public Defender-Appellate Division, Memphis, Tennessee (on appeal) and Scott Woodall, Public Defender, Memphis, Tennessee, (at hearing), for the appellant, Terrence Sanders.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilbur, Senior Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Karin Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTS

On August 7, 2024, the Defendant pled guilty in the Shelby County Criminal Court to arson and was sentenced to three years in the Tennessee Department of Correction, suspended to supervised probation. On January 15, 2025, the State filed a petition for revocation of the suspended sentence based on the Defendant's December 8, 2024 arrest for domestic battery with bodily harm. The State alleged that the Defendant violated Rule #1 of the conditions of his probation, which required that the Defendant obey all federal, state, and municipal laws and ordinances, and Rule #14, which required that the Defendant refrain from assaultive, abusive and intimidating behavior.

A probation revocation hearing was held on May 1, May 2, and May 14, 2025. At the May 1 hearing, Tennessee Department of Correction Probation and Parole Officer Maurice Banyon testified that the Defendant was no longer in compliance with his probation due to his having been arrested on December 8, 2024, for "misdemeanor domestic assault bodily harm." He said the Defendant had no other violations.

At the conclusion of Officer Banyon's testimony, the State announced that it had no other witnesses. The Defendant pointed out that neither the arresting officer nor the alleged victim had testified and argued that the State failed to meet its burden of proving the probation violation by a preponderance of the evidence. The Defendant also moved for dismissal of the petition on the basis that the State failed to meet its burden of proof. When the trial court expressed skepticism about the need for additional non-hearsay witnesses, the Defendant requested, and was granted, a one-day continuance to provide the relevant case law.

The next day, the State announced that it had learned from its review of case law that it needed additional witnesses, and the trial court granted the State's request for a continuance to subpoena the arresting officers. At the May 14 continuation of the hearing, Memphis Police Department Officer Alayna Harper testified that on December 8, 2024, she responded to a Shelby County apartment on a domestic disturbance call. When Officer Harper and fellow officers entered the apartment, the victim, Kesha Smith, informed them that she had been assaulted by her child's father, whom she identified as the Defendant. Specifically, the victim stated that the Defendant had punched her in the face. Officer Harper identified the Defendant as the man she arrested. On cross-examination, she testified that the Defendant was cooperative during his arrest.

The Defendant testified that, while released on probation, he daily worked two jobs: from 6:00 a.m. to 2:00 p.m. for "Friendly Family Services" as a caregiver for autistic

children and the elderly; and from 4:00 p.m. to 11:00 p.m. for Zaxby's Restaurant. He said that he used his earnings to provide for his two children, who were one and three. He stated that he did not feel as if he were "a criminal . . . in this case" and requested that the trial court return him to probation so that he could work and "be a better person." He agreed that he had pled guilty in the underlying arson case because he was "really guilty of that case."

On cross-examination, the Defendant acknowledged that he was originally charged with aggravated arson, vandalism under $1,000, and resisting official detention and was "given a break" by being allowed to plead guilty to the reduced charge of arson with the dismissal of the other two counts and a sentence of probation. He also admitted that he was arrested by the Memphis Police Department on December 8, 2024. He did not admit to any of the facts underlying his arrest.

At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered the original sentence into effect, issuing the following oral findings of fact and conclusions of law:

> All right. Based upon the following evidence, the Court has found at this time and also the fact that this is a probation hearing and so therefore, some of the rules about hearsay are somewhat relaxed. Your objections have been noted on the record, but the Court does find and conclude that he - - his petition to not be incarcerated at this time will be rejected by the Court, because the Court finds that he has not done what he's supposed to do while he was on probation. And so therefore, he will be required to serve his time. Okay.

That same day, the trial court entered a form, fill-in-the-blanks, "Order Revoking Suspension of Sentence and Directing Execution of Judgment of Conviction." This appeal followed.

## ANALYSIS

The Defendant argues that the trial court erred by relying on the mere fact of the Defendant's arrest to revoke his probation without making either implicit or explicit findings that the hearsay evidence was reliable, and by failing to put any findings on the record as to why full revocation of the suspended sentence was the appropriate consequence. The Defendant notes that domestic assault may be either a Class A or a Class B misdemeanor, *see* Tenn. Code Ann. §§ 39-13-111(c)(1); 39-13-101(b)(1)(B)(C) (providing that domestic assault involving the intentional or knowing physical contact with another that a reasonable person would regard as extremely offensive or provocative is a

Class B misdemeanor). The Defendant then points out that the State did not specify whether the Defendant's domestic assault arrest was for a Class A or a Class B misdemeanor, the arresting officer did not testify as to any injuries she observed on the victim, the victim did not testify at all, and the State did not provide any reason for not calling the victim as a witness. The Defendant acknowledges that reliable hearsay may be "admissible in a probation revocation hearing so long as the defendant ha[s] a fair opportunity to rebut the evidence," *State v. Lewis*, 917 S.W.2d 251, 257 (Tenn. Crim. App. 1995), but argues that the trial court did not make the necessary findings that there was good cause to justify the denial of the Defendant's right to confront the victim and that the hearsay testimony of the officers was reliable. *See State v. Wade*, 863 S.W.2d 406, 409 (Tenn. 1993). The Defendant further argues that the trial court failed to comply with the second step of *Dagnan* by not putting any findings on the record as to why the appropriate consequence for a violation of a condition of his probation was the full revocation of his probation. We agree with the Defendant on both points.

A trial court has the discretionary authority to revoke probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310(a); -311(e)(1); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). The trial court also is vested with the discretionary authority to determine the consequences of a defendant's violation of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310(a); -311(e). "An abuse of discretion occurs when the trial court applies an incorrect legal standard or reaches a conclusion that is illogical or unreasonable and causes an injustice to the party complaining." *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (internal quotation and citation omitted).

Probation revocation is a "two-step" process by the trial court. *Dagnan*, 641 S.W.3d at 757. "The first [step] is to determine whether to revoke probation, and the second [step] is to determine the appropriate consequence upon revocation." *Id.* Each step is a separate and distinct decision, although there is no requirement that two separate hearings be held. *Id.* This court must review and address both decisions on appeal. *Id.* at 757-58. If the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequences on the record, this court's standard of review is abuse of discretion with a presumption of reasonableness. *Id.* at 759. If the trial court fails "to place its reasoning for a revocation decision on the record, the appellate court may conduct a de novo review if the record is sufficiently developed for the court to do so, or the appellate court may remand the case to the trial court to make such findings." *Id.* (citing *State v. King*, 432 S.W.3d 316, 327-28 (Tenn. 2014)).

There are two types of probation violations: non-technical and technical. A non-technical violation is "a new felony, new Class A misdemeanor, zero tolerance violation

as defined by the department of correction community supervision sanction matrix, absconding, or contacting the defendant's victim in violation of a condition of probation." Tenn. Code Ann. § 40-35-311(e)(2) (2025 & Supp. 2023).  Upon finding by a preponderance of the evidence that a defendant has committed a non-technical violation, the trial court may "cause the defendant to commence the execution of the judgment as originally entered, which may be reduced by an amount of time not to exceed the amount of time the defendant has successfully served on probation and suspension of sentence prior to the violation." *Id.*

Although a trial court's findings in a probation revocation case need not be particularly lengthy or detailed, *Dagnan*, 641 S.W. 3d at 759 (citing *State v. Bise*, 380 S.W. 3d 682, 705-06 (Tenn. 2012)), it nonetheless must place on the record the reasons for its decisions to revoke a defendant's probation and the consequence imposed for the violation. The trial court's findings of fact and conclusions of law fell short on both points.  We, therefore, reverse the judgment of the trial court revoking the Defendant's probation and ordering execution of the original judgment and remand to the trial court for further findings sufficient to satisfy the requirements of *Dagnan*.

## CONCLUSION

Based on our review, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE