IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2016

**STATE OF TENNESSEE v. KELLY LYNN CHANDLER**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC3-2014-CR-60    Jill Bartee Ayers, Judge**
_____

**No. M2016-00053-CCA-R3-CD – Filed November 8, 2016**
_____

The defendant, Kelly Lynn Chandler, appeals the order of the trial court revoking her probation and imposing her original sentence of eleven months and twenty-nine days in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding that the defendant violated the terms of her probation. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Collier W. Goodlett, Springfield, Tennessee, for the appellant, Kelly Lynn Chandler.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On April 17, 2014, the defendant pled guilty to theft of property under $500.00 for which she received a suspended sentence of eleven months and twenty-nine days to be served on supervised probation. The terms of probation required the defendant to obey all laws, report to her probation officer monthly, immediately report all arrests, including

-1-

traffic violations, to her probation officer, not use intoxicants to excess, and not engage in any assaultive, abusive, threatening, or intimidating behavior.

While on probation, the defendant committed three separate offenses for which two separate probation violation warrants issued. The first warrant, filed on January 16, 2015, alleged the defendant was arrested for driving under the influence on January 11, 2015. On October 2, 2015, an amended probation violation warrant was filed alleging additional violations, along with the previous driving under the influence arrest. Specifically, the amended warrant alleged that the defendant was arrested for vandalism, public intoxication, and domestic assault.[1] The warrant also alleged the defendant was charged with driving on a revoked license on July 23, 2015. And finally, the warrant alleged the defendant failed to report to her probation officer in May, June, July, August and September of 2015.

The trial court held a probation revocation hearing on December 10, 2015. The State called four witnesses. Officer George Hurst of the Millersville Police Department testified that he pulled the defendant over on July 23, 2015, for a registration violation. During the traffic stop, he cited the defendant for driving on a revoked license. The State also offered a certified copy of the defendant's driving record which showed that her license was revoked indefinitely on June 15, 2015.

Beverly Chandler, the defendant's mother, testified concerning the altercation she had with the defendant that led to the defendant's arrest for vandalism, public intoxication, and domestic assault. Ms. Chandler testified that on March 15, 2015, the defendant came to her house and verbally assaulted her and damaged her property. Ms. Chandler believed the defendant was intoxicated at the time. She explained that during the altercation, the defendant removed her front storm door from its hinges. The State then called Deputy Greg Stewart of the Sumner County Sheriff's Department. Deputy Stewart explained that he responded to Ms. Chandler's home on March 15, 2015. He confirmed that the storm door had been taken off its hinges and left on the ground beside Ms. Chandler's front porch. Deputy Stewart did not interact with the defendant while at Ms. Chandler's home.

Finally, the State called Deputy Brian Ashley of the Sumner County Sheriff's Department. Deputy Ashley testified that he initiated a traffic stop of the defendant on January 11, 2015, because the defendant's car fit the description of a domestic assault offender described by dispatch. Upon asking the defendant for her license, Deputy

---

[1]According to the amended probation rule violations report, the defendant committed these crimes on March 15, 2015, though she was not arrested for them until June 4, 2015. The report also indicates that the defendant failed to report these arrests to her probation officer.

Ashley smelled alcohol and saw beer cans in the defendant's car. He asked the defendant to perform several field sobriety tests. According to Officer Ashley, the defendant failed the field sobriety tests. As a result, the defendant was arrested for driving under the influence.

The defendant offered no proof to dispute the State's evidence.[2] Rather, the defendant argued that she suffered from alcohol abuse and requested that the trial court order alcohol rehabilitation treatment instead of jail time. The trial court held that the defendant "violated the terms and conditions of her probation due to committing the new separate criminal offenses of Driving on a Revoked License, misdemeanor vandalism, and D.U.I." The trial court revoked the defendant's probation and ordered the defendant to serve the original sentence of eleven months and twenty-nine days at seventy-five percent in the Robertson County Jail.[3] The court stated it would consider a furlough to a long-term residential drug and alcohol rehabilitation program if the defendant filed the proper motions and formulated a recovery plan. This appeal followed.

## ANALYSIS

On appeal, the defendant argues the trial court abused its discretion in revoking her probation and ordering her to serve the original sentence of confinement. The State asserts that the trial court acted within its discretion when it revoked the defendant's probation and restored her original sentence of eleven months and twenty-nine days in confinement. Upon review of the record, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of

---

[2]According to the record, at the time of the probation revocation hearing on December 10, 2015, the DUI, vandalism, and driving on a revoked license charges were pending in Sumner County.

[3]The trial court afforded the defendant three days of jail credit for time served on June 16, 2013, March 16, 2015, and October 1, 2015.

the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991)).

Here, the record contains substantial evidence to support the trial court's decision to reinstate the defendant's original sentence. On April 17, 2014, the defendant pled guilty to theft of property under $500.00 and began eleven months and twenty-nine days of supervised probation. The terms of the defendant's probation specifically required her to obey all laws, to report all arrests and traffic violations to her probation officer, and to not use intoxicants to excess.[4] Officer Hurst's testimony and the certified copy of the defendant's driving record established that she was driving on a revoked license on July 23, 2015. Deputy Stewart and Deputy Ashley testified to the facts surrounding the defendant's arrests for driving under the influence and misdemeanor vandalism. The defendant's mother testified regarding the vandalism of her home. The defendant did not dispute any of the testimony. We find that the record contains sufficient evidence of the defendant's three probation violations relied on by the trial court in its revocation order.[5] *See Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2. For that reason, the trial court acted within its discretion in ordering the defendant to serve her original sentence of eleven months and twenty-nine days. Tenn. Code Ann. § 40-35-310; *see Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2.

Finally, the defendant points out that at the time of her probation revocation hearing, she had to serve only ninety-five more days on probation. However, it is well settled that "the time served on probation does not count toward completion of a sentence unless the defendant successfully completes the entire probationary term." *State v. Brandi Miller*, No. M2011-02025-CCA-R3-CD, 2012 WL 1939927, at *6 (Tenn. Crim. App. May 30, 2012) (citing *State v. Hunter,* 1 S.W.3d 643, 646 (Tenn. 1999)). The record shows that the first probation revocation warrant was filed on January 16, 2015, thus tolling the defendant's probationary term.[6] All three of the violations relied on by the trial

---

[4]The amended violation of probation warrant also alleged the defendant failed to report to her probation officer in May, June, July, August and September 2015. The State, however, did not offer any evidence to prove these violations and it was not relied on by the trial court in revoking the defendant's probation.

[5]We note that according to the record, the defendant was also arrested for public intoxication and domestic assault after the March 15, 2015 incident at her mother's home. However, the trial court only cited the misdemeanor vandalism arrest in its revocation order.

[6]After her driving under the influence arrest on January 11, 2015, the defendant failed to appear at her first violation of probation hearing scheduled for May 1, 2015. The trial court subsequently entered a Forfeiture and Conditional Judgment against her. Intermittently, the defendant committed the March 15, 2015 crimes, for which she was later arrested. Also, while out on bond after failing to appear, the defendant was charged with driving on a revoked license. These events led to the amended violation of probation warrant issued on October 1, 2015, which resulted in the December 10, 2015 violation of probation hearing at issue in this appeal.

court occurred prior to the completion of her probationary term. As a result, the defendant did not successfully complete her probation, and she is not entitled to any credit for the time successfully served on probation. The trial court's imposition of the full, original sentence of eleven months and twenty-nine days in confinement is appropriate and affirmed.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering her to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE