
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

## STATE OF TENNESSEE v. JESSE JAMES SOMERVILLE, IV

**Appeal from the Circuit Court for Tipton County**
**No. 8302     Joe H. Walker, III, Judge**

_____

### No. W2016-01128-CCA-R3-CD

_____

The defendant, Jesse James Somerville, IV, appeals the order of the trial court revoking his probation and imposing his original sentence of eight years in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding that the defendant violated the terms of his probation. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Tracey A. Brewer-Walker, Ripley, Tennessee, for the appellant, Kelly Lynn Chandler.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; D. Mike Dunavant, District Attorney General; and Jason Poyner, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On January 8, 2016, after originally being indicted for one count of attempted first degree murder and one count of employing a firearm during the commission of a dangerous felony, the defendant entered a *nolo contendere* plea to the offense of attempted second degree murder and the remaining count was dismissed. The trial court suspended the defendant's original sentence of eight years in confinement and placed him

on eight years of supervised probation effective January 8, 2016. The terms of probation required the defendant to obey all laws, maintain employment, and not engage in any assaultive, abusive, threatening, or intimidating behavior. Under the terms of probation, the defendant also agreed not to use or possess any illegal drugs or weapons.

While on probation, the defendant was involved in additional criminal activity for which a probation violation warrant issued. The warrant alleged the defendant was arrested on February 16, 2016, and charged with four new offenses, including possession of a schedule VI drug with intent to sell,[1] possession of drug paraphernalia, possession of a firearm while in the commission of a dangerous felony, and felon in possession of a firearm. The warrant alleged that during the February arrest, the defendant engaged in intimidating behavior. Further, the warrant indicated the defendant failed a drug screen for THC on January 19, 2016. And finally, the warrant alleged technical violations of probation, including the defendant's failure to comply with his referral to a resource center program, failure to pay supervision fees, and failure to maintain lawful employment.

The trial court held a joint violation of probation hearing for the defendant and co-defendant, Billy Joe Tipton. The State called two witnesses. Mark Winston, of the Board of Probation and Parole, outlined the defendant's probation file, noting the defendant failed a drug screen on January 19, 2016, failed to pay probation supervision fees, failed to comply with his referral to a resource center program, and failed to maintain employment.

Covington police officer Michael Gan then testified regarding the defendant's February arrest. He explained that while on patrol with another officer in the area of Carr and Howard Streets, he saw four to five men run from a parked vehicle and into a house. One of the men was wearing white clothing. As the officers approached the parked vehicle, they smelled a heavy odor of marijuana. The officers then approached the house and heard the homeowner yelling at the men to get out of her home. Officers secured the perimeter of the house and ultimately arrested the defendant, Billy Joe Tipton, Ramel Jackson, and Royal Harvey, who lived in the home. According to Officer Gan, the defendant was the only arrestee wearing white clothing.

After obtaining consent from the homeowner, the officers searched the home. In one of the bedrooms they located gang literature, marijuana, torn sandwich bags, and a 9mm Glock pistol with an extended magazine. The pistol was covered by a blue bandana

---

[1]According to the defendant's brief, the defendant was arrested for possession of a schedule VI drug. However, a typographical error was made on both the warrant and probation violation report which charge the defendant with possession of a schedule IV drug.

and hidden in a chair. In the kitchen, officers found "a felony amount of marijuana." The owner of the home told officers the pistol was not hers. She also told officers she saw the defendant enter the bedroom and "reach down towards" the chair where the pistol was found. Officers then searched the parked vehicle which belonged to Ramel Jackson. Inside the vehicle officers found a glove that smelled like marijuana, marijuana, and a pistol. All four men arrested on February 16, 2016, were charged with possession of the illegal items found incident to the search.

The defendant offered no proof to dispute the State's evidence. Rather, the defendant argued that he had been "continuously incarcerated for the majority of the time since [February 16, 2016], [and] he hasn't had an opportunity to pay [probation] fees, [or] get employment of that nature." The defendant requested that the trial court delay its probation ruling until "a determination of whether or not there was, in fact, ample evidence" to support the defendant's possession charges. The trial court declined, finding the defendant "did not comply with the rules of probation."

In revoking the defendant's probation, the trial court relied primarily on the February 16, 2016 arrest, though it did note the defendant failed to comply with a referral to a resource center program. The trial court stated the defendant was "present where there was a strong odor of marijuana. Marijuana was actually found and handguns were found." As such, the trial court ordered the defendant to serve the original eight-year sentence in the Tennessee Department of Correction. This appeal followed.

## ANALYSIS

On appeal, the defendant argues insufficient evidence exists in the record to support the trial court's revocation of his probation. The defendant claims the trial court relied on "mere accusations," rather than substantial evidence in revoking his probation. Specifically, the defendant argues the evidence is insufficient because the homeowner's statements were unreliable and officers did not see the defendant in actual possession of drugs or weapons. He contends no evidence exists to show the defendant had actual possession of the weapons and drugs for which he was arrested and suggests that the drugs and weapons were likely already in the home prior to the defendant's entrance. The State contends sufficient evidence exists because "officers found firearms and marijuana in both locations where either the officers or [the homeowner] observed the defendant." After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The

trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991)).

Here, the record contains substantial evidence to support the trial court's decision to revoke probation and reinstate the defendant's original sentence. On January 8, 2016, the defendant pled guilty to attempted second degree murder and began eight years of supervised probation. The terms of the defendant's probation specifically required him to maintain employment, comply with a referral to a resource center program, pay supervision fees, and refrain from using illegal drugs or possessing firearms. At the revocation hearing, Mr. Winston testified regarding evidence of the defendant's failure to meet the terms of his probation, specifically that he failed a drug test on January 19, 2016, failed to pay fines, failed to maintain employment, and failed to attend a rehab program.

Further, Officer Gan testified to the facts surrounding the defendant's arrest for possession of marijuana and firearms. Officer Gan testified that he saw a man dressed in white clothing, the defendant, run from the parked vehicle and into the house. Officers found marijuana in the parked vehicle and inside the house. Additionally, the homeowner saw the defendant "reach down towards" the chair where officers later found a 9mm pistol. As noted by the State, Tennessee recognizes constructive possession of items and the defendant was arrested for the same. *See State v. Fife*, No. M2013-02211-CCA-R3-CD, 2014 WL 2902276, at *5 (Tenn. Crim. App. June 26, 2014) (internal citations omitted) ("A person constructively possesses an item when he or she has the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others.").

Accordingly, the record contains sufficient evidence that the defendant violated the terms of his probation. Not only did the trial court consider evidence of his arrest for possession of both marijuana and firearms, but the court also heard evidence of the defendant's failure to comply with technical terms of his probation. *See Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2. For these reasons, the trial court acted within its discretion in ordering the defendant to serve his original sentence of eight

years in the Tennessee Department of Correction.  Tenn. Code Ann. § 40-35-310; *see Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2.  The defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

 

 

_____
J. ROSS DYER, JUDGE