IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 28, 2018 at Knoxville

## STATE OF TENNESSEE v. SUSAN MARIE TAYLOR

**Appeal from the Circuit Court for Bedford County**
**No. 18307      Forest A. Durard, Jr., Judge**

_____

### No. M2017-01526-CCA-R3-CD

_____

The defendant, Susan Marie Taylor, appeals the order of the trial court revoking her probation and ordering her to serve her original four-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of her probation and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Andrew Jackson Dearing, III, Shelbyville, Tennessee, for the appellant, Susan Marie Taylor.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Robert J. Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

After pleading guilty to possession of a schedule II controlled substance for resale on April 17, 2017, the trial court suspended the defendant's sentence of four years in confinement and placed her on four years of supervised probation. The terms of probation required the defendant to report to her probation officer as instructed, to notify her probation officer before changing her residence or employment, to agree to searches by any probation officer, and to submit to random drug screens.

After being sentenced, the defendant failed to report to her probation officer, and a probation violation warrant issued on June 1, 2017. The warrant alleged that since her sentencing on April 17, 2017, the defendant "failed to report to [p]robation," "failed to make herself available for drug screening," and "failed to submit to a search." Additionally, the warrant alleged that after a home visit on May 10, 2017, the defendant's probation officer "was unable to locate [the defendant] and her residence [was] unknown." At the outset of the revocation hearing, the defendant admitted to violating the terms of her probation. Upon accepting the defendant's admission, the trial court conducted a hearing to determine how the defendant would serve her original sentence.

At the hearing, the defendant stated she is thirty-two years old with two children. The defendant failed to report to her initial probation appointment due to "vehicle trouble." She rescheduled her appointment, but again failed to report at the rescheduled time. According to the defendant, she overslept, but "called and left a message" with the probation office. The defendant apologized to the trial court for failing to go "to probation like [she] was supposed to," stating she "should have tried harder." She stated if granted a second chance at probation, she could work at Sonic and live with her sister. The defendant acknowledged she "need[s] to go to rehab," but also stated she could pass a drug test.

On cross-examination, the defendant admitted she violated her probation within the first week of being sentenced. She explained that after missing her rescheduled appointment, she was unable to speak to a live person and so she left a message with the probation office. The defendant was unaware her revocation warrant stated officers were unable to locate her after visiting her home on May 10, 2017. However, the defendant denied changing her address, stating, "until I got incarcerated[,] I still resided [at 900 Shelbyview Drive]. There is like four different addresses I reside in town." The defendant did not know why her roommate told Officer Fulks she no longer lived at the Shelbyview Drive residence. Additionally, the defendant stated she has "a job waiting for [her] at Sonic." Finally, the defendant acknowledged she was convicted for two counts of criminal responsibility for forgeries in 2006. For those convictions, she received diversion, which was ultimately revoked.

Lance Fulks, a probation officer for the Tennessee Department of Correction, then testified. Regarding the defendant's missed appointments, Officer Fulks stated:

> [The defendant] actually spoke with me the first time, I called her when she missed the appointment. The intake team handed me her file saying she did not report. I spoke with her and told her to report the next week. I'm not familiar with any voice mails that were left after the second appointment was missed.

- 2 -

As a result, Officer Fulks attempted a home visit on May 10, 2017 as "part of [their] absconder procedure when someone does not report." He went to the defendant's listed address "and [] spoke with a male occupant who was familiar with [the defendant] and said she had already moved out and he did not know where she was." The State did not offer any additional proof.

At the close of the proof, the trial court revoked the defendant's probation, noting the defendant "did not last a week." As such, the trial court ordered the defendant to serve the original four-year sentence in the Tennessee Department of Correction.[1] This timely appeal followed.

## ANALYSIS

On appeal, the defendant argues insufficient evidence exists in the record to support the trial court's revocation of her probation and imposition of a sentence of confinement. Though the defendant admits to violating the terms of her probation for "not reporting for an intake meeting," she asserts "the sentence imposed was not that which was deserved for the committed infraction of the rules of probation." The defendant suggests the trial court "should have imposed a split confinement followed by mandatory inpatient drug rehabilitation." The State asserts the trial court did not abuse its discretion in ordering the defendant to serve her sentence in confinement as "ample evidence" exists in the record to support the trial court's revocation. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to

---

[1] The defendant did receive jail credits from June 1, 2017, to July 24, 2017.

support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the record contains substantial evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. On April 17, 2017, the defendant pled guilty to possession of a schedule II controlled substance for resale and received four years of supervised probation. The terms of the defendant's probation specifically required the defendant to notify her probation officer before changing her residence and to report to her probation officer as instructed. At the revocation hearing, the defendant admitted to violating her probation by twice failing to report. The defendant admitted she failed to report to her initial meeting, and after rescheduling it, she again failed to report to the second meeting. Officer Fulks testified he initiated absconder proceedings on May 10, 2017, after the defendant twice failed to report. While conducting the home visit, Officer Fulks learned the defendant no longer lived at her reported address.

Accordingly, the record contains sufficient evidence that the defendant violated the terms of her probation. Not only did the defendant admit to violating her probation, but the trial court also heard evidence from Officer Fulks affirming the same. For these reasons, the trial court acted within its discretion in ordering the defendant to serve the original sentence of four years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering her to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE

- 4 -