IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2019

**STATE OF TENNESSEE v. RONNIE JOE EDWARDS, JR.**

**Appeal from the Circuit Court for Tipton County**
**No. 7813, 7814        Joe H. Walker, III, Judge**

**_____**

**No. W2018-00805-CCA-R3-CD**

**_____**

The defendant, Ronnie Joe Edwards, Jr., appeals the order of the trial court revoking his probation and ordering him to serve his original five-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Matthew C. Edwards, Bolivar, Tennessee, for the appellant, Ronnie Joe Edwards, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Jason Poyner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

After pleading *nolo contendere* to facilitation of aggravated robbery (case number 7813) and possession of a schedule IV controlled substance (case number 7814) on March 31, 2014, the trial court sentenced the defendant to three years in case number 7813 and two years in case number 7814 to be served in the Tennessee Department of Correction. Tenn. Code Ann. §§ 39-11-403; 39-13-402; 39-17-417. The trial court ran the three-year sentence consecutively to the two-year sentence for an effective sentence of five years' confinement. The trial court then suspended the defendant's sentence and

placed him on five years of supervised probation. The terms of probation required the defendant to obey all laws, to report any arrests to his probation officer, to not use any intoxicants or possess any illegal drugs and submit to random drug screens, and to pay all required fees to the Supervision and Criminal Injuries fund or as ordered by the trial court.

While on probation, the defendant was arrested on September 14, 2017 and September 19, 2017. A probation violation warrant issued on October 7, 2017, detailing the arrests by stating: the defendant was arrested by the Whiteville Police Department on September 14, 2017, for possession of a schedule IV controlled substance, possession of a schedule VI controlled substance, and introduction of contraband into a penal facility. The defendant was subsequently arrested by the Tipton County Sheriff's Department on September 19, 2017, for possession of a schedule II controlled substance. The probation violation warrant also alleged the defendant failed to report his arrests to his probation officer after being released on bond, possessed illegal drugs on the dates of his arrests, and "failed to pay toward his probation fees since being placed on probation." The trial court conducted a probation revocation hearing on April 13, 2018.

At the hearing, Tennessee Department of Correction officer, Justin Tubbs, testified he responded to an incident at the Whiteville Correctional Facility on September 14, 2017. Upon arrival, Officer Tubbs learned a correctional officer, Cassandra Thomas, introduced narcotics into the prison facility. After searching Ms. Thomas's vehicle, the officers "found a[n] orange and white Nike shoebox in there that also contained other narcotics." The shoebox "had a green sticker on it" and displayed the number "736" which identified a Hibbitt's store in Covington, Tennessee as the point of origin for the shoebox. Officer Tubbs interviewed Ms. Thomas who admitted to bringing narcotics into the prison facility and to possessing the narcotics found in her vehicle. Specifically, the search revealed:

> She introduced 52 Xanax pills, 2.79 ounces of marijuana, and then whenever I searched her vehicle, she had another 8.2 ounces of marijuana, black tape, packages of tobacco, and cellphones. The black tape is indicative of the packages that are introduced into the facility.

Ms. Thomas also provided a statement wherein she detailed she met the defendant at a gas station in Brownsville, Tennessee and he gave her the shoebox and drugs that she later introduced into the prison facility.

During the investigation, Officer Tubbs searched the defendant's name in the Criminal Justice Portal and learned he was on "supervision" with the Tennessee Department of Correction. Officer Tubbs contacted the defendant's probation officer,

Davey Miller, who arranged a meeting between Officer Tubbs and the defendant on September 19, 2017. The defendant drove to the meeting with his friend, Michael Wakefield, in the passenger seat. Officer Tubbs, Whiteville Police Chief Steven Stanley, and Special Agent Chris Bernard of the Tennessee Department of Correction conducted a consensual search of the vehicle driven by the defendant.[1] During the search, officers found several shoeboxes "in both [the defendant's] car and at his residence, [that were] the same color, had the same green sticker with the same store number on it." Officers also found drugs in the center console of the defendant's vehicle and several EBT cards not issued to the defendant. Pictures of two Nike shoeboxes were entered into evidence.

During cross-examination, Officer Tubbs clarified that Special Agent Nadar witnessed the defendant drive the vehicle searched by the officers. Another man was with the defendant during the search but Officer Tubbs did not know his name. Officer Tubbs did not interview the defendant about the drugs found in the vehicle and he does not know the details of the charges; however, he did interview the defendant regarding the incident involving Ms. Thomas during which the defendant "denied giving her anything, but he did know her" through "her sister." The defendant also admitted he was related to "the two inmates that were at the prison who were supposed to be receiving the contraband." Officer Tubbs also explained Ms. Thomas previously told him that she knew the defendant "through her sister that was a high school student and that's also how she knew the two inmates, they were somehow related to [the defendant]." Officer Tubbs identified the inmates related to the defendant as Javarius Hoover and Darrius Smith. During the search of the defendant, Officer Tubbs stated he did not find narcotics similar to those found in relation to the incident involving Ms. Thomas. Officer Tubbs testified he did not find drugs on the defendant's person and he did not know if the drugs found in the vehicle driven by the defendant had been fingerprinted. Officer Tubbs did not recall if he personally heard the defendant consent to a search of his vehicle but he did discuss the terms of the defendant's probation, wherein the defendant consented to searches by law enforcement officials, with the defendant prior to the same. Officer Tubbs could not remember if probation officer Davey Miller was present during the search.

Deputy Sheriff Finney also testified. On September 19, 2017, he searched the defendant's vehicle with Corporal B.J. Williams, a certified K-9 officer, Officer Tubbs, a probation officer, and the Whiteville Police Chief. During the search, Deputy Finney observed Michael Wakefield and members of the defendant's family standing near the defendant's vehicle which was locked. A probation officer obtained the keys from the defendant and unlocked the vehicle. Before opening the doors, Corporal Williams and his dog, Ero, "conducted a free air sniff around the vehicle, and Ero indicated on the

---

[1]Officer Tubbs clarified he did not know if the vehicle was registered to the defendant but he "did see [the defendant] drive it into the parking lot." Officers also searched the defendant's residence.

passenger side of the vehicle." Inside the vehicle, officers found "a small clear bag with multiple small rock-like substances [] thought to be cocaine," $1,832 in small bills, and EBT cards that did not belong to the defendant. The Tennessee Bureau of Investigation tested the substances found in the defendant's vehicle and identified it as 2.5 grams of cocaine. The State entered the lab report into evidence which identified 0.69 grams of cocaine tested and further stated: "No analysis was performed on additional rock-like substance. The gross weight of this additional rock-like substance is 2.56 grams. The total weight for all the rock-like substance would not exceed twenty-six (26) grams." A photograph of the narcotics found inside the vehicle was entered into evidence.

During cross-examination, Deputy Finney stated he did not see the defendant drive the vehicle prior to the search. Deputy Finney admitted he did not know who placed the drugs in the center console and again noted Ero indicated drugs on the passenger side of the vehicle. Neither the State nor the defendant offered any additional proof.

At the close of the proof, the trial court noted the defendant "did not comply with the requirements of probation" and revoked the same. As such, the trial court ordered the defendant to serve the original five-year sentence in the Tennessee Department of Correction. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court erred in revoking his probation and imposing a sentence of confinement, asserting the State failed to prove he violated the terms of his probation by a preponderance of the evidence. Regarding the September 14, 2017 arrest, the defendant contends the "[p]roof offered by the State is that the shoeboxes found inside the [defendant's] home were similar to that found in Ms. Thomas' vehicle is circumstantial at best." Regarding the September 19, 2017 arrest, the defendant argues the State failed to prove "(1) the [defendant] was the owner of the vehicle; (2) that the [defendant] was the driver of the vehicle; and (3) the State dismisses the possibility that the narcotics could have belonged to Michael Wakefield." The State contends "[t]here was ample evidence to find [the defendant] violated his probation" and asserts "the trial court need not find every violation alleged in the warrant." After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn.

Crim. App. 1995) (citing *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the record contains sufficient evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. On March 31, 2014, the defendant pled guilty to facilitation of aggravated robbery and possession of a schedule IV controlled substance and received an effective five years of supervised probation. Pertinent to this appeal, the terms of the defendant's probation specifically required the defendant to obey all laws and to not possess any illegal drugs. The record contains two arrest warrants issued for the defendant on September 14, 2017 and September 19, 2017. The September 14 arrest warrant alleged possession of a schedule IV controlled substance, possession of a schedule VI controlled substance, and introduction of contraband into a penal facility. The September 19 arrest warrant alleged possession of a schedule II controlled substance.

Additionally, the State presented evidence from Officer Tubbs and Deputy Finney detailing the facts leading to the defendant's two arrests. Officer Tubbs explained he interviewed Ms. Thomas after she attempted to introduce narcotics into the prison facility. Ms. Thomas stated the defendant gave her narcotics in an orange and white Nike shoebox labeled "736" to deliver to his relatives housed within the prison. This investigation led to a search of the vehicle driven by the defendant on September 19, 2017, and his subsequent arrest. During the search, to which the defendant consented, officers found similar Nike shoeboxes labeled "736" and additional drugs in the vehicle. Specifically, Deputy Finney explained a certified K-9 officer conducted "a free air sniff" of the vehicle and indicated drugs on the passenger side. In the center console of the vehicle, officers located cocaine totaling 2.56 grams.

In revoking the defendant's probation, the trial court dispelled any issues with the search of the vehicle, stating:

> The [d]efense attorney raised an issue with regard to [the] search. The [d]efendant, [], signed a probation order that was filed May 7th of 2014. The seventh item in the order indicates that, "I agree to a search

without a warrant of my person, vehicle, property, or place of residence by any probation, parole officer, or law enforcement officer at any time."

The [c]ourt finds there's not an issue with regard to the search of the house or the vehicle. They had that consent for search, and they also had probable cause when the drug dog hit on the vehicle indicating that drugs were inside. So, the [c]ourt finds there's no issue with regard to any search.

We agree with the trial court's assessment as detailed above. Further, we note, the defendant does not dispute his arrests of September 14 and 19, 2017. Instead, the defendant challenges the underlying facts supporting the same. However, the record contains sufficient evidence the defendant violated the terms of his probation as it is clear officers found cocaine in his car and sufficient evidence that he had provided Ms. Thomas with drugs to smuggle into the correctional facility. *Leach*, 914 S.W.2d at 106. As such, the trial court acted within its discretion in ordering the defendant to serve the original sentence of five years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Turner*, 2013 WL 5436718, at \*2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE