FILED

12/20/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2019

## STATE OF TENNESSEE v. ROBBIE JOE KILGORE

**Appeal from the Circuit Court for Warren County**
**No. 18-CR-1764     Larry B. Stanley, Jr., Judge**

_____

### No. M2019-00281-CCA-R3-CD

_____

The defendant, Robbie Joe Kilgore, appeals the order of the trial court revoking his probation and ordering him to serve his original three-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation, and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

John P. M. Partin, District Public Defender; Ricky L. Stacy, Assistant Public Defender, for the appellant, Robbie Joe Kilgore.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and Thomas Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

On June 27, 2018, the defendant, Robbie Joe Kilgore, pleaded guilty to theft of property over $2,500 and received a three-year sentence with the Tennessee Department of Correction, suspended to supervised probation. The terms of probation required, in part, the defendant to report any changes in residence to his probation officer, to not use or possess any illegal drugs, and to follow all instructions given by his probation officer.

On July 16, 2018, the defendant tested positive for amphetamine, methamphetamine, and marijuana. Additionally, the defendant failed to inform his probation officer before changing his residence, failed to report for his risk assessment as instructed by his probation officer, and failed to report to his forensic social worker as instructed by his probation officer. A probation violation warrant was issued on August 8, 2018, and a revocation hearing was held on January 9, 2019.

At the revocation hearing, no evidence was presented, and the defendant stipulated to the fact that he violated the terms of his probation. The defendant requested a sentence of ninety days confinement followed by supervised probation. The State did not make a sentencing recommendation but stated, although this was the defendant's first violation in this case, his criminal history revealed he had five previous probation violations. At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered him to serve the original three-year sentence in the Tennessee Department of Correction. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court erred in ordering him to serve the original sentence in confinement. Because this was his first violation in this case, the defendant contends the trial court abused its discretion in "fully revoking his probation." The State contends the trial court properly exercised its discretion in revoking the defendant's probation and ordering him to serve the original sentence in confinement. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled, and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the defendant stipulated to his probation violations. This Court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); *see State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). Although this was the defendant's first probation violation in this case, he has a history of violating probation, having committed five violations since 2003. As the State argued at the probation violation hearing, the defendant "[j]ust doesn't do well on probation." We agree. Accordingly, we find the trial court did not err by ordering the defendant to serve the balance of his sentence in confinement.

Additionally, the record contains substantial evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. The terms of the defendant's probation specifically required the defendant to notify his probation officer before changing his residence, to refrain from using illegal drugs, and to follow the instructions of his probation officer. According to the violation report, the defendant failed to inform his probation officer before changing his residence, failed to report to his forensic social worker, failed to report for his risk assessment, and tested positive for amphetamine, methamphetamine, and marijuana. The record also contains the toxicology report showing a positive drug screen. The defendant agreed to these facts at the revocation hearing, and the record contains sufficient evidence to sustain the trial court's revocation order. *Shaffer*, 45 S.W.3d at 554. The trial court acted within its discretion in ordering the defendant to serve the original sentence of five years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Clyde Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

## *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE

- 3 -