IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 4, 2020 Session

## STATE OF TENNESSEE v. MYRON JACQUES FULTON

**Appeal from the Circuit Court for Chester County**
**No. 18-CR-48      Roy B. Morgan, Jr., Judge**

_____

### No. W2019-02269-CCA-R3-CD

_____

The defendant, Myron Jacques Fulton, appeals the order of the trial court revoking his probation and ordering him to serve his original ten-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. Ross Dyer, J., delivered the opinion of the court, in which John Everett Williams, P.J., and Camille R. McMullen, J., joined.

Patrick S. Rader, Assistant Public Defender District Public Defenders Conference, Franklin, Tennessee (on appeal), and George Morton Googe, District Public Defender and Kandi Kelley Collins, Assistant Public Defender, Jackson, Tennessee (at trial), for the appellant, Myron Jacques Fulton.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Jody Pickens, District Attorney General; and Chadwick R. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

After entering a best interest plea to robbery on January 31, 2019, the trial court sentenced the defendant to ten years to be served in the Tennessee Department of Correction. Tenn. Code Ann. § 39-11-402. The trial court suspended the defendant's sentence to supervised probation, imposed a $100 fine and 100 hours of community

service, and ordered the defendant to pay $874 in restitution. The terms of probation prohibited the defendant from contacting the victim and required the defendant to obey all laws, to report any arrests to his probation officer, to submit to random, monthly drug screens, and to maintain full-time employment or schooling. While on probation, the defendant was arrested on July 14, 2019, and a probation violation warrant issued on August 7, 2019. The probation violation warrant stated the defendant was arrested for aggravated assault in McNairy County, Tennessee. The trial court conducted a probation revocation hearing on November 25, 2019.

At the hearing, Selmer Police Department Officer Lynn Engle testified he responded to a domestic incident involving the defendant and his girlfriend, the victim, on July 14, 2019. Upon arrival, Officer Engle spoke with the defendant who stated he and the victim got into a fight over a cellphone, the fight turned physical, and the two wrestled. Officer Engle spoke to the victim and observed that her lip was swollen and had swelling and redness on her neck. Officer Engle's body camera captured his interactions on the scene, and he filed a police report regarding the incident. At the close of the proof, the trial court accredited the testimony of Officer Engle, determined the defendant violated the law on July 14, 2019, while on probation, and revoked the same. Upon revocation, the trial court ordered the defendant to serve the original ten-year sentence in the Tennessee Department of Correction. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court erred in "fully" revoking his probation by improperly relying on the defendant's criminal history. The State disagrees, asserting the trial court properly considered the defendant's criminal history in revoking probation and imposing his original sentence to be served in confinement. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In

order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: '(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years.'" *State v. Kennedy Fleming*, No. E2017-02352-CCA-R3-CD, 2018 WL 6787580, at *2 (Tenn. Crim. App. Dec. 26, 2018) (quoting *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citations omitted). "The determination of the proper consequences of the probation violation embodies a separate exercise of discretion." *Id.* (citing *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

Here, the record contains sufficient evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. On January 31, 2019, the defendant pled guilty to robbery and received a ten-year sentence to be served on supervised probation. As a condition of probation, the defendant was required to obey all laws. The record contains an incident report establishing the defendant was arrested for aggravated assault on July 14, 2019, and the State presented evidence from Officer Engle detailing the facts leading to the defendant's arrest. Specifically, Officer Engle stated he responded to a domestic dispute between the defendant and the assault victim on July 14, 2019. The defendant admitted to wrestling with the victim, and the victim suffered injuries to her neck and lip. The defendant does not challenge the underlying probation violation, and we conclude the record contains sufficient evidence to sustain the trial court's revocation order. Tenn. Code Ann. § 40-35-310, -311; *see Clyde Turner*, 2013 WL 5436718, at *2; *Shaffer*, 45 S.W.3d at 554.

The defendant instead asserts the trial court improperly relied on his criminal history in revoking probation in full and ordering confinement. However, the record indicates the trial court first determined the defendant violated probation before determining the proper penalty. After finding the violation, the trial court acknowledged the defendant's criminal history, stating "at the time of this case before sentencing on it, by agreement, [the] [S]tate did file enhancement of punishment, and [the defendant] does have a prior record for prior convictions before this case for evading arrest, driving on suspended license, third offense, domestic assault, false imprisonment and another domestic assault." Before imposing the original, ten-year sentence, the trial court further stated:

> The [c]ourt has to take into consideration the entire record in this case, which includes his prior criminal history. I also note that he is on this 10-year sentence based on the robbery, and part of the file is the victim impact statement, and I do recall this case and refreshed my recollection of the

underlying charge of robbery and note that the victim in this case on the robbery asked that he go to prison, and, of course, we did work out something which didn't involve the prison sentence being served. So he's been given more than one opportunity to avoid incarceration. These are serious allegations. The testimony was quite sufficient today to make the finding I made as to the violation. And considering all the record, which includes his prior history, the [c]ourt finds he's not a proper candidate to continue on probation. [The defendant] will be revoked to serve his original sentence.

Upon our review, we find no error in the trial court's consideration of the defendant's criminal history in determining the appropriate penalty for the probation violation. As noted above, before imposing confinement, the trial court considered the defendant's criminal history, his underlying conviction for robbery, the robbery victim's impact statement, and the defendant's amenability to continued probation. After doing so, the trial court ordered the defendant serve his original sentence in confinement. It is evident the trial court considered the defendant's prior crimes within the context of the case as a whole before deciding the defendant was no longer a proper candidate for probation. *Kennedy Fleming*, 2018 WL 6787580, at *3 ("the trial court may review a defendant's past criminal history in order to determine, based on a totality of the circumstances, 'whether the beneficial aspects of probation [are] being served' and whether the defendant is amenable to continued probation") (quoting *State v. Marcus Nigel Davis*, No. E2007-02882-CCA-R3-CD, 2008 WL 4682238, at *5 (Tenn. Crim. App. Oct. 23, 2008)). Again, once a violation of probation is found, the trial court can order the defendant to serve the original sentence. Tenn. Code Ann. § 40-35-310; *see Lewis*, 917 S.W.2d at 256. Accordingly, the trial court acted within its discretion in ordering the defendant to serve the original sentence of ten years in the Tennessee Department of Correction. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE