IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2022

**STATE OF TENNESSEE v. ARTHUR M. STEWART**

**Appeal from the Criminal Court for Wilson County**
**No. 16-CR-1017      Brody N. Kane, Judge**
_____

**No. M2021-00595-CCA-R3-CD**
_____

The defendant, Arthur M. Stewart, appeals the order of the trial court revoking his probation and ordering him to serve his original four-year sentence in confinement. Upon our review of the record and the parties' briefs, we affirm the revocation of the defendant's probation but reverse the trial court's imposition of the original sentence and remand for the trial court to make findings concerning the consequence imposed for the revocation in accordance with *State v. Craig Dagnan*, --- S.W.3d ---, 2022 WL 627247 (Tenn. Mar. 4, 2022).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Mitchell A. Raines, Assistant Public Defender, Tennessee District Public Defenders Conference, Franklin, Tennessee (on appeal); Shelley Thompson Gardner, District Public Defender; and Raymond D. Jones, Assistant District Public Defender, Lebanon, Tennessee (at trial), for the appellant, Arthur M. Stewart.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General; Jason L. Lawson, District Attorney General; and Justin Harris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On November 13, 2017, the defendant pled guilty to theft of property over $10,000 but less than $60,000, and received a sentence of four years, suspended to supervised probation. On August 9, 2019, a violation of probation warrant was filed, alleging the defendant violated his probation as follows: "the [defendant's] name was on the random [drug testing] list for June 2019, he was called to report and presented a bottle of urine stating he had kidney stones and couldn't urinate. He gave . . . a forged letter that was verified by the nurse practitioner to be a forgery." In addition, the defendant's supervision fees, court costs, and fines were in arrears more than $1,800.

On May 15, 2020, another violation of probation warrant was filed in which it was alleged that the defendant last reported on September 30, 2019, and was not present for a home visit on April 16, 2020. His "whereabouts [were] unknown." An amended violation report indicated that the defendant's last successful home visit was on May 17, 2019, that he moved without permission on June 1, 2019, and that although not alleged as a basis for the revocation, indicated the defendant tested positive for methamphetamine on June 28, 2019, after a series of negative tests in 2018.

Both warrants were executed on March 1, 2021, and the trial court conducted a revocation hearing on May 24, 2021.[1] At the hearing, the defendant admitted he violated the terms of his probation. The defendant also admitted he falsified a doctor's note. He explained that he faked the note because: "Every time I went down there it seemed like they was drug testing me. I just couldn't sit in there for two or three hours and couldn't use the restroom." He maintained he did not create the fake note due to fear he would test positive on a drug screen.

With regard to the falsified note, the trial court expressed concern about "[t]he level of deviousness necessary to file something like that." The court elaborated it had "to rely on these doctor's notes [and] . . . continue[d] cases based on doctors notes, so when folks come in here and they file this false stuff, . . . what am I to do, if folks take that severe of a step."

The probation officer noted the defendant had been previously sanctioned for a positive drug screen and missing scheduled appointments while under supervision in Davidson County. The trial court observed: "That's why you've done so well is because Davidson County, they just let you use drugs on probation. In my mind, the fact that you've done well for four years all just kind of went right out the window." Defense counsel pointed out the defendant "had not picked up any new charges" while on probation, "so he has done that well."

---

[1] The cover page of the transcript of the revocation hearing is mistakenly titled "voluntary plea," but the transcript is in fact of the revocation hearing.

Speaking on the defendant's behalf, defense counsel stated the defendant had lived at the same address and had the same phone number for many years. Counsel speculated the missed home visit could have occurred because the probation officer went to the vacant house that shared a driveway with the defendant's home. Defense counsel pointed out the defendant owned his own masonry business and had completed a ninety-day outpatient treatment program for cocaine addiction.

The defendant's mother testified she had many physical ailments and needed the defendant's help at home. The defendant's mother also affirmed the defendant "had surgery" for kidney stones as claimed in the fake doctor's note.

Defense counsel noted the defendant had been in jail for eighty-four days, and the probation officer elaborated the defendant's probation was set to expire in less than six months on November 13, 2021. The defendant asked the court to give him another chance.

At the end of the hearing, the trial court addressed the defendant and concluded: "Sir, I just can't have folks submitting false medical documents. I just can't do it. I'm going to have to revoke you. Sentence to serve. I apologize that I'm having to take this step but you just cannot be submitting false documentation to probation." The trial court entered an order of revocation on May 25, 2021, and the defendant filed a timely notice of appeal.

*Analysis*

On appeal, the defendant argues the trial court abused its discretion in, after finding him in violation of his probation, ordering him to serve his sentence in confinement without adequately considering alternative forms of punishment and the interests of justice.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In

- 3 -

order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: '(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years.'"[2] *State v. Kennedy Fleming*, No. E2017-02352-CCA-R3-CD, 2018 WL 6787580, at *2 (Tenn. Crim. App. Dec. 26, 2018) (quoting *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014)) (citations omitted). "The determination of the proper consequences of the probation violation embodies a separate exercise of discretion." *Id.* (citing *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007)).

Recently, in *State v. Craig Dagnan*, --- S.W.3d ----, 2022 WL 627247, at *5 (Tenn. Mar. 4, 2022), the Tennessee Supreme Court clarified that revocation requires a two-step consideration by the trial court. First, the trial court determines whether to revoke the defendant's probation and second, determines the remedy or consequence of the revocation. *Id.* Each question involves a separate exercise of discretion and is subject to review separately on appeal. *Id.* The Tennessee Supreme Court also clarified this Court's review on appeal is the same standard of review applied in the context of sentencing decisions: "abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *Id.* at 6.

The defendant admitted to the violations of probation and, on appeal, does not challenge the trial court's exercise of discretion in revoking his probation. Instead, coincidentally in line with the decision in *Craig Dagnan*, which was released after the submission of his brief, the defendant claims the trial court did not undertake the second step of the inquiry by considering alternative forms of punishment and the interests of justice in determining the remedy for his violations. The defendant avers the trial court "[f]ail[ed] to conduct even a cursory evaluation of the alternative punishments available, or even an evaluation of the necessity of the full revocation imposed[.]" He likewise asserts the trial court failed to consider "which form of punishment would best serve the interests of both the public and [the defendant][,] . . . particularly considering [the defendant]'s admitted troubles with substance abuse and the independent remedial steps he had already undertaken to address such issues before the revocation hearing."

---

[2] After the revocation hearing in this case, Tennessee Code Annotated section 40-35-308 was amended effective July 1, 2021, to provide for a one-year extension of probation if certain conditions were satisfied and for an additional one-year extension for each subsequent probation violation determination.

- 4 -

We have thoroughly reviewed the transcript of the revocation hearing and are constrained to conclude the trial court simply did not make sufficient findings on the record for this Court to review its decision to fully revoke the defendant's probation and place the original sentence into effect. The trial court was clearly concerned with the severity of the defendant's deception in submitting a false medical document. However, from the record before us, we cannot determine whether the trial court took any other considerations into its calculus or whether the trial court, even implicitly, considered the consequence imposed for the violation as a separate discretionary decision. We, therefore, remand for the trial court to place its reasoning for the consequence imposed on the record. *See Craig Dagnan*, 2022 WL 627247, at \*6 (citing *State v. King*, 432 S.W.3d 316, 327-28 (Tenn. 2014)).

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the revocation of the defendant's probation but remand for the trial court to make findings concerning the consequence imposed for the revocation.

_____
J. ROSS DYER, JUDGE